# Staunton.

MARY SNAVELY AND MAY SNAVELY v. RUBY SNAVELY.

September 20, 1928.

The opinion states the case.

*H. M. Heuser* and *Buchanan & Buchanan*, for the appellants.

*S. B. Campbell* and *Thomas F. Walker*, for the appellee.

Campbell, J., delivered the opinion of the court.

This is an appeal from the Circuit Court of Wythe county. It appears from the record that W. E. Snavely, who is not a party to this appeal, instituted a suit for divorce against the appellee by a bill filed in the Circuit Court of Wythe county at the first March Rules, 1924. The appellee filed an answer and a cross-bill, sundry depositions were taken, and at the January, 1925, term of the Circuit Court of Wythe county a decree was entered, denying to W. E. Snavely a divorce, but granting a divorce to the appellee, awarding to her the custody of the infant children, and providing alimony at the rate of $25.00 per month, support money at the rate of $25.00 per month, and an attorney's fee of $200.00. W. E. Snavely obtained an appeal from this decree, and the cause came on to be heard in this court at the June term, 1926. The decree of the Circuit Court of Wythe county was affirmed by a divided court. The record of the divorce suit was filed as an exhibit with the bill in the instant case.

W. E. Snavely failed entirely to pay the alimony. He paid but a small part of the support money and he refused to pay the costs of suit imposed upon him by the circuit court and the Supreme Court of Appeals. Because W. E. Snavely did not comply with these decrees, the appellee, Ruby S. Snavely, filed her bill in the Circuit Court of Wythe county at the second March Rules, 1927. The bill filed sets out the fact that W. E. Snavely owned some real estate in his own name, and that he, together with his mother, Mrs. Mary A. Snavely, and his sister, Miss May Snavely, the appellants in this proceeding, were the owners of valuable real estate situated in the county of Wythe. The prayer of the bill was that the real estate of W. E.

Snavely be subjected to the payment of appellee's judgment, and that W. E. Snavely be held in contempt of court and punished for his contempt because of his wilful disobedience of the orders of the court, and that he be required to give reasonable security for the further payment of the amounts due to the appellee. General relief was also asked, and, if necessary, that a partition be made of the lands jointly owned by W. H. Snavely, Mary A. Snavely and May Snavely.

At the April, 1927, term of the circuit court, a decree was entered appointing a special commissioner to take and state an account of liens against W. E. Snavely, and to report the real estate owned by him and whether the same would rent for a sufficient sum to discharge his indebtedness in five years. To the report of the commissioner appellants filed numerous exceptions. After sustaining some of the exceptions and overruling others, the court entered a decree adjudging that the unpaid installments of alimony constituted valid liens upon the land individually owned by W. E. Snavely, and upon the undivided interest of W. E. Snavely in the land owned jointly by him and appellants, and directed a rental of so much of the individually owned land as would pay off the debt in five years. The decree expressly reserves from its operation a rental of the jointly owned lands.

It is assigned as error that the court erred in overruling exception No. 5 to the report of the commissioner. This exception sets forth that by deed dated June 12, 1926, W. E. Snavely conveyed all of the property named in the report of the commissioner to one J. C. Trewitt, and that said deed was admitted to record on September 27, 1926, which latter action antedated the docketing of the judgment lien of appellee, and, therefore, it was error to report the judgment for

alimony as a lien on the property conveyed to Trewitt. Trewitt is not a party to this suit, and, so far as the record shows, is not complaining of the decree.

The first question involved is the motion of appellants to dismiss the appeal as improvidently awarded, on the ground that appellants are not persons aggrieved within the meaning of that term, as used in section 6336 of the Code. Under the statute there can be no appeal, unless the party seeking same is a party to the suit and has been aggrieved by the decree entered. These two circumstances must be made to appear. *Supervisors* v. *Gorrell*, 20 Gratt. (61 Va.) 520; *Southern Ry. Co.* v. *Glenn*, 102 Va. 535, 46 S. E. 776.

While appellants are proper parties defendant, no liability is fixed upon them by the decree. In their answer to the bill of complaint they state that in the controversy between appellee and W. E. Snavely they have no interest whatever.

While it is true that appellants are joint owners with W. E. Snavely in certain land reported by the commissioner, it appears from the decree complained of that the land in which the appellants are interested as joint tenants has been expressly reserved from the operation of the decree. Conceding that the decree attempts to rent or sell lands conveyed by W. E. Snavely to Trewitt, this is not a matter in which appellants are concerned. As Trewitt is not a party to this litigation, this court is without jurisdiction to determine his rights.

No appealable decree having been entered in this cause, so far as appellants are concerned, the appeal must be dismissed as improvidently awarded.

*Dismissed.*