# Richmond

WALLACE N. TIFFANY, ETC. *v.* MAUDE L. THOMAS, ET ALS.

March 11, 1937.

Present, All the Justices.

The opinion states the case.

*Wallace N. Tiffany*, for the appellant.

*B. R. Glascock,* for the appellees.

Holt, J., delivered the opinion of the court.

W. H. Silcott died testate on November 7, 1920. His will of date November 11, 1919, was admitted to probate on November 11, 1920. This suit is brought that it may be construed.

Will of W. H. Silcott:

"I, W. H. Silcott, do make this my last will and testament 1st. I will and bequeath to Carrie Fletcher the Logan tract of land containing about (8½) eight and one half acres 2nd I will to my Cousin Sarah E. Silcott Five Hundred Dollars ($500.00) 3rd. I will to my cousin Maud Downs Five Hundred Dollars ($500.00) 4th I will and bequeath to my sister Mattie V. Marston My Life Insurance in the New York Life Ins. Co. 5th I will and bequeath to my sister Maud L. Thomas the farm known as the Crane farm containing about (65) Sixty five acres. 6th I will and bequeath to my sister Mary Elizabeth Graham, the tract of land I bought of F. T. Craig containing about one hundred and fourteen acres (114) She to have said land and at her death it is to go to my sister Maud L. Thomas or her heirs. 7th The balance of my property I will to my sister E. J. Royston and brother Walter D. Silcott they to share equally and alike in said property. 8th I name as Executor of this will W. W. Holton. Witness my hand and seal to this my last will and testament this 11th day of Nov. 1919.

"W. H. SILCOTT (Seal)"

Plaintiffs in the court below, Mary Elizabeth Graham and Maude L. Thomas, contend that together they take under clause six a fee simple estate and that the word "heirs" as used therein is a word of limitation describing the quality of the estate devised and not a word of purchase which gives to the heirs of Mrs. Thomas any interest whatever. Petitioner claims that it is a word of purchase and operates to bestow

a fee simple estate upon these heirs should Mrs. Thomas die during the lifetime of Mrs. Graham.

Mrs. Graham is a widow and childless. Mrs. Thomas is a widow with two children, a daughter Elizabeth A. Thomas, who is between thirty-one and thirty-two years old, and a son Eugene Thomas, who is between twenty-seven and twenty-eight.

These children are made defendants and have answered. The bill also prays:

"That a guardian *ad litem* be appointed to defend the rights of the persons yet to be born or created answering the description at the death of Mary Elizabeth Graham as the heirs of Maude L. Thomas; and be required to answer for the persons yet to be born or created as aforesaid."

Wallace N. Tiffany was appointed guardian *ad litem* and in that capacity he too has answered.

This cause was heard on bill and answers and a final decree was then entered which reads in part as follows:

"Upon consideration whereof, the Court having maturely considered the will of W. H. Silcott, deceased, filed as exhibit 'A' with the bill of complaint, and having maturely considered the pleadings filed herein, is of the opinion and doth declare that an actual *controversy* exists between the complainants and the persons yet to be born or created aforesaid involving the interpretation of the aforesaid will of W. H. Silcott, deceased, and the Court is further of the opinion and doth so declare that in the will of W. H. Silcott, deceased, by which the testator in the Sixth Clause thereof declared:

" ' * * * I will and bequeath to my sister Mary Elizabeth Graham, the tract of land I bought of F. T. Craig containing about one hundred fourteen acres (114) She to have said land and at her death it is to go to my sister Maud L. Thomas or her heirs. * * * '

"The said Mary Elizabeth Graham took a life estate in said land, and the said Maude L. Thomas took a vested fee simple remainder therein with no limitation over to the heirs of the said Maude L. Thomas, and that the use of the

word 'heirs' in said will is a word of limitation describing the quality of the estate devised to Maude L. Thomas, and not a word of purchase creating any contingent remainder in her heirs, if she should predecease the said Mary Elizabeth Graham."

From it the guardian *ad litem* has appealed. The children have not. In passing it may be said that this litigation arises immediately out of the fact that these two sisters have secured a purchaser for this land who is ready and willing to take provided a title in fee simple can be given, but not otherwise.

As we have seen, the will gives this estate to "Maud L. Thomas or her heirs." A gift to A and his heirs is a conventional form under which fee simple title passes. Plaintiffs claim that this conveyance is in substance that; and conveyed all that would have been conveyed had the will read "to Maud L. Thomas and her heirs." The guardian *ad litem* contends that it should be construed as written; that it is disjunctive and not conjunctive and conveys to these heirs, whoever they may be, as purchasers under the will of Mr. Silcott a fee simple estate, should Mrs. Thomas die during the lifetime of Mrs. Graham.

This cause turns upon a proper application of these principles:

"In the construction of wills it is a well-settled rule that effect must be given to every word of the will, if any sensible meaning can be assigned to it not inconsistent with the general intention of the whole will taken together. Words are not to be changed or rejected unless they manifestly conflict with the plain intention of the testator, or unless they are absurd, unintelligible or unmeaning, for want of any subject to which they can be applied." *Wootton* v. *Redd's Ex'r*, 12 Gratt. (53 Va.) 196, 208.

"The rule is elementary that the intention of the testator is the polar star which is to guide in the interpretation of all wills, and, when ascertained, effect will be given to it unless it violates some rule of law, or is contrary to public policy. In ascertaining this intention the language

used, and the sense in which it is used by the testator, is the primary source of information, as it is the *expressed* intention of the testator which is sought.

"* * * Generally, ordinary words are to be given their usual and ordinary meanings, and technical words are presumed to have been used in a technical sense." *Conrad* v. *Conrad's Ex'r*, 123 Va. 711, 97 S. E. 336, 338.

"And in order the better to comprehend the scheme which the testator had in his mind for the disposition of his estate, the judicial expositor is permitted to place himself, figuratively speaking, in the very shoes of the person whose will he is called on to construe, * * * ." *Hatcher* v. *Hatcher*, 80 Va. 169.

In *Gray* v. *Francis*, 139 Va. 350, 124 S. E. 446, 450, Sims, P., accurately states the conclusions reached by Judge Buchanan in *Goldsborough* v. *Washington*, 112 Va. 104, 70 S. E. 525:

"Now it is true, as pointed out in the opinion delivered by Judge Buchanan, in *Goldsborough* v. *Washington*, 112 Va. 104, 70 S. E. 525, that the prevailing doctrine in England and in America is that where the word 'or' is so used in a will, it will be construed to have been used conjunctively, that is, with the meaning of 'and,' so as to require the happening of both, or all, of the contingencies mentioned in order to entitle those in remainder to take, *provided there is nothing elsewhere in the will expressing a different intention of the testator.*"

Since without more a devise to A or his heirs is to be taken as a devise to A and his heirs, it follows as a matter of course that such a rule is applied in still greater confidence when it is in harmony with the intention of the testator. *Gish* v. *Moomaw*, 89 Va. 345, 15 S. E. 868; *Chapman* v. *Chapman*, 90 Va. 409, 18 S. E. 913; *Crews' Adm'r* v. *Hatcher*, 91 Va. 378, 21 S. E. 811. But this rule like other rules applicable to the construction of wills gives way to any lawful intention of the testator which may be gathered from the four corners of the will itself.

Every gift in the Silcott will is plainly unqualified,

except that made in its sixth clause. In it three separate tracts of land are devised. Clause one gives to Carrie Fletcher outright the Logan tract. In clause five Mrs. Thomas herself is given the Crane tract. In that instance there can be no doubt about the character of the title taken. In the clause which immediately follows, this devisee is given the Craig farm upon the termination of Mrs. Graham's life estate. But this devise is not unqualified as was the gift to her of the Crane farm. It was to Maude L. Thomas or her heirs. The omission of these words in the one case and their use in the other must have meant something, and if they mean anything at all they must have had reference to a situation which would arise should Mrs. Thomas predecease her sister. In this contingency the testator wished to make definite provision for her children. When he speaks of heirs he must have meant children and not the whole of an indefinite line of inheritable succession. *Commonwealth* v. *Wellford*, 114 Va. 372, 76 S. E. 917, 44 L. R. A. (N. S.) 419.

Our conclusion, therefore, is that if Mrs. Thomas predeceases her sister, this farm goes to her children. Any deed from these two sisters and these two children would convey such title as the testator had in the Craig farm, subject to this remote contingency: Mrs. Thomas may have other children but those now living are well advanced in years and she is a widow. We cannot, however, say that this possibility as a matter of law does not exist. Wigmore on Evidence, section 2528 and note.

Our judgment deals only with the decree under review.

For reasons stated, this cause should be reversed and remanded, and it is so ordered.

*Reversed and remanded.*