# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

WILLIAM M. STONE, TRUSTEE, ET AL. V. E. B. HENDERSON.

May 1, 1944.

Record No. 2786.

Present, Campbell, C. J., and Holt, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Thomas, Strauss, Backus & May;* for the appellants.

No appearance for the appellee.

GREGORY, J., delivered the opinion of the court.

A suit was instituted by E. B. Henderson to require an acounting of William M. Stone, trustee, who foreclosed a certain deed of trust, and Henry P. Thomas, his attorney, who received and continues to hold the purchase money.

The court below referred the cause to a commissioner in chancery to determine whether the complainant was entitled to an accounting. The commissioner reported in the affirmative, and further, that an assignment made by Lester W. Brent and his wife to E. B. Henderson, the appellee, was valid and "therefore, after deducting the amount of the loan and costs of sale the balance should be accounted for to the Circuit Court of Fairfax county for the benefit of the owner under the assignment".

Exceptions were taken to the report but they were promptly overruled. By the decree of the court, the defendants (appellants here), were ordered to pay over to the complainant, Henderson, $1,033.09, which was being held by Henry P. Thomas, attorney, together with interest and costs. The present appeal by William M. Stone, trustee, and Henry P. Thomas, attorney, challenges the correctness of that decree.

The record is lacking in clarity, and it is very difficult to get from it an accurate statement of the facts. Close and painstaking analysis, eliminating the immaterial portions, discloses that Lester W. Brent owned a lot or small tract of unimproved land which he conveyed to William M. Stone, trustee, to secure the payment of $400 and interest. He defaulted in the payment of this sum and the trustee, upon proper request, on January 15, 1942, foreclosed the lot, and it was knocked off to the appellee, E. B. Henderson, for $1705, he being the highest bidder. The amount received for the lot exceeded the expectations of all, and from the evidence it was considerably in excess of its true value.

On the day of the foreclosure sale, to-wit: January 15, 1942, Lester W. Brent, the grantor in the deed of trust and the former owner of the lot, assigned to E. B. Henderson all of his interest in it, and all of his interest in the proceeds that might be derived from foreclosure, to which he might be entitled.

The surplus, as previously stated, after the payment of the amount secured under the deed of trust and all other proper charges, is $1,033.09, and it is now and has been in the hands of Henry P. Thomas, attorney for William M. Stone, the trustee in the deed of trust.

The single assignment of error is to the action of the court in holding valid the assignment against Elizabeth Allen, a judgment creditor of Lester W. Brent.

The appellant, Henry P. Thomas, who holds the fund, filed an answer in the cause in the court below in which he indicated that Elizabeth Allen was a judgment creditor of Lester W. Brent, and she had garnisheed the funds in his hands. There is no confirmation of this, and there is no evidence in the record that Elizabeth Allen had a judgment against Brent, or that garnishment proceedings had been instituted.

Elizabeth Allen is not a party to this suit and, of course, her rights, if she has any, cannot be now determined. She has not submitted any claim to the fund in the hands of Thomas. The only claim to that fund which is before us is that arising out of the assignment from Lester W. Brent to E. B. Henderson.

William M. Stone, the trustee, filed an answer, but he asserted no claim to any part of the fund. He, therefore, is not aggrieved by the decree of the lower court. He admits in his answer that he has turned the fund over to Thomas.

Thomas asserts no claim to the fund. He, therefore, is not aggrieved by the decree because he has no interest. The only person who could possibly be aggrieved by the decree is Elizabeth Allen (if she really is a judgment creditor and has actually instituted garnishment proceedings), and she was not a party to this cause below, and is not a party here.

It is elementary that an appellant must have been aggrieved by the decree appealed from or he has no standing in this court. Code, sec. 6336; *Snavely* v. *Snavely*, 151 Va. 270, 144 S. E. 422.

It must be borne in mind that this is not a creditor's suit, or one to settle disputed priorities of liens. The sole purpose of the suit was to require Stone, trustee, and Thomas, his attorney, to account for the net monies received by Stone and given to Thomas to disburse. As already stated, no part of this fund of $1,033.09 belongs to Thomas. He has been paid for his legal services, which probably could have been successfully challenged. Stone, the trustee, has been paid his trustee's commissions. Neither of them has an appealable grievance. They being the only appellants, it is obvious that the appeal was improvidently awarded. However, inasmuch as the evidence discloses that the assignment is valid, we affirm the decree.

Nothing said in this opinion is intended to affect any interest that Elizabeth Allen may have.

*Affirmed.*