## LANDMARK COMMUNICATIONS, INC., ET AL.

### V.

## SOVRAN BANK, N.A., TRUSTEE, ETC., ET AL.

Record No. 880143

January 12, 1990

Present: Carrico, C.J., Compton, Stephenson, Russell, Whiting, and Lacy, JJ., and Harrison, Retired Justice

*Thomas E. Cabaniss; Robert C. Nusbaum (Mary Jane Hall; Anne B. Shumadine; George H. Gray; McGuire, Woods, Battle & Boothe; Hofheimer, Nusbaum, McPhaul & Samuels; Outland, Gray, O'Keefe & Hubbard,* on briefs), for appellants.

*Robert R. MacMillan (Michael T. Zugelder; Breeden, Mac-Millan & Green,* on brief), for appellee Sovran Bank, N.A., Trustee under the Will of William S. Glennan, Deceased.

John E. Donaldson for Unborn and Unknown Defendants and Patricia Jennifer Tyler, J. Goodenow Tyler, IV, Kelly Anne Tyler, Kimberly Christine Fulford, David Todd Fulford, Dana Maria Yates, Lisa Jane Yates, Catherine Tyler Yates, Amanda Moody, Erich Rifenbaugh, Brad Rifenbaugh, Cynthia Rogers, Angela Rogers, Michael H. Reilly, David T. Reilly, Marci Keville Sheldin, Jennifer Castoldi, Courtney Jackson, Angela Jackson, Thomas Evans, Phoebe Evans, Anne Custis Evans, Melissa Evans,

Rachel Evans, Rebecca Evans, Virginia Evans, Barbara Dunham, Luke Hunsberger, and Jon Eliot Ford, Infants.

No briefs or arguments for appellees Lucille Turner James, Jane Tyler, John Goodenow Tyler, III, Patricia Jackson Tyler Fulford, Jane Allen Tyler Yates, Jane Pettus Falana, Victoria Falana Moody, Harold Falana, Jr., Eileen Pettus Rifenbaugh, Diane Pettus Rogers, James Edward Pettus, Thomas E. Cetrino, Barbara J. Cetrino, Joanne M. Cetrino, Carol J. Anderson, Janet P. Reilly, Richard A. White, Ann Shield Fitts Sheldin, Blair Fitts Castodi, Lucille Turner Nels, George M. Jackson, Helene E. Jackson, John Paul Jackson, Jr., Helene E. Jackson (Mrs. Dunham), Richard Jackson, Shannon Jackson, Lucius B. Evans, John Custis Evans, Mara S. Evans, Blake Askley Ford, Richard C. Evans, Helene E. Hunsberger, Anne Michie Ford, Kelli Anne Ford-Smith and Tracey Elizabeth Ford.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we are asked to determine whether remainder interests created in a trust were indefeasibly vested or merely contingent remainders.

Appellants, plaintiffs below, are parties to a contract for the sale of the assets held in trust pursuant to William S. Glennan's will, probated on December 23, 1958. The primary assets held by the trust are shares of stock in Landmark Communications, Inc. and TeleCable Corporation (Landmark), which corporations are the successors of Norfolk Newspapers, Inc. Landmark agreed to purchase the trust assets from J. Allen Tyler, the sole remaining income beneficiary under the trust, and eight remainder beneficiaries,[1] for $23 million on the condition that their interests were vested.

Landmark and the beneficiaries joined in filing a bill of complaint which sought a judgment declaring that the interests of the remainder beneficiaries were indefeasibly vested and transferable. The defendants named in the bill of complaint were Sovran Bank, N.A., the trustee, thirty-six adult and twenty-nine infant, unborn and unknown descendants of the named remainder beneficiaries. Sovran and the guardian *ad litem*, representing infant, unborn

---

[1] Those beneficiaries are: J. Goodenow Tyler, Margaret Everett Jackson, Ann Allen Cetrino, Jane Allen Schmieder, Ann Everett White, Helen P. Clark, Jeanne Clark Janis, and Mary Clark Janis.

and unknown defendants, answered,[2] contending that the plaintiffs' interests were not indefeasibly vested remainders but alternate contingent remainders.

Glennan's will, executed on May 15, 1952, and codicil executed on January 11, 1956, began with five specific bequests. Thereafter, in Items 11 through 14, Glennan created the trust at issue in this controversy. In Item 11 he devised his residuary estate, consisting primarily of the Norfolk Newspapers, Inc. stock, to National Bank of Commerce, Sovran's predecessor in interest, and Michael Glennan, Glennan's brother, in trust to hold under a number of "provisions, restrictions, and conditions".

Item 11(a) directed the trustees to pay the income from the trust to four named individuals for one year following Glennan's death. In Item 11(b), Glennan instructed that, one year after his death the trustees were to pay the income in proportionate shares to six individuals:

1-b. To my Brother, Michael Glennan, for and during the term of his natural life, two-fifths (2/5).

2-b. To my Brother, Edward Keville Glennan, for and during the term of his natural life, one-fifth, (1/5).

3-b. To Genevive Parker Allen, wife of James E. Allen, Jr., as long as they are married and living together, one-tenth, (1/10).

4-b. To Sarah Worthington Keville, for and during the term of her natural life, one-twentieth (1/20).

5-b. To James E. Allen, Sr., for and during the term of his natural life, one-tenth, (1/10).

6-b. To Allen Tyler, son of Augustine Allen Tyler, for and during the term of his natural life, three-twentieths, (3/20).

Item 11 closed with an accumulation provision which provided for each beneficiary's proportionate interest to be accumulated in the corpus if such beneficiary predeceased the termination of the trust.

---

[2] Only one of the named adult defendants, Lucille Turner James, answered the plaintiffs' bill of complaint. She, however, joined the plaintiffs in their request for a declaration that the interests of the remainder beneficiaries were vested.

Michael Glennan and Allen Tyler were the only income beneficiaries to survive the testator. Michael Glennan died four months after his brother, while Allen Tyler, one of the plaintiffs, was thirty-four years old when the testator died. Tyler is presently in his mid-sixties and the last surviving income beneficiary. Every year since 1959, seventeen-twentieths of the income has been accumulated in the trust.

Item 12 of the Glennan will provided that "[u]pon the death of all of the beneficiaries as set forth in Item 11, the Trust herein created shall cease and determine."

In Item 13, Glennan provided for the distribution of the trust corpus upon the trust's termination.

*Item 13.* Upon the termination of the Trust, the Trustees shall divide the then remaining corpus of the Trust and distribute the same among the following of my relatives:-

13-a.　One-fourth (¼) to Lena Allen Everett, if she be then living. If she be not living then the said one-fourth (¼) is to be divided equally among two of her children, or their heirs. The said two children being Margaret Everett Jackson (Mrs. Lee Jackson) and Everett Turner.

13-b.　One-fourth (¼) to Genevive Parker Allen, wife of James E. Allen, Jr., if she be then living and married to and living with the said James E. Allen, Jr. If she be not living, or if living is not then married to the said James E. Allen, Jr., and living with him; or if the said James E. Allen, Jr., shall predecease her then the said one-fourth (¼) interest is to be divided equally among their children, Jane Allen Pettus and Ann Allen Cetrino, her two children or their heirs.

13-c.　One-fourth (¼) to William B. Clark, or his heirs.

13-d.　One-fourth (¼) to J. Goodenow Tyler, or his heirs.

In Item 14 Glennan set forth the powers and duties assigned to the trustees. One provision stated "that the shares of stock held by

[the testator] at the time of [his] death in Norfolk Newspapers, Inc., or its successor, shall, if possible be held as a part of the corpus of [the] estate until the termination of the Trust herein created."

The parties stipulated to the preceding facts and submitted the case to the trial court based on briefs, memoranda, and arguments of counsel. The trial court held in favor of the guardian and trustee and specifically ruled that: the will was unambiguous; Glennan's intent could be clearly ascertained from a reading of the will, thus resort to rules of construction was unnecessary; Glennan specifically intended the trust to continue until the death of the last income beneficiary in Item 11(b); and, therefore, the remainder beneficiaries in Item 13 possessed alternate contingent remainders which would not vest until the death of Allen Tyler, the last income beneficiary. Appellants assign error to each of these rulings.

This controversy focuses on the phrase "or his heirs" as used by the testator in Item 13 of the will. If "or" is given its ordinary disjunctive meaning, the remainder interests created in Item 13 are contingent and will not vest until the trust terminates. If "or" is interpreted as conjunctive, the interests in the trust became indefeasibly vested at the death of the testator.

Appellants contend that "or his heirs" must be read as "and his heirs" based upon our ruling in *Tiffany v. Thomas*, 168 Va. 31, 190 S.E. 101 (1937), and upon the preference in Virginia for early vesting of estates. *Clark v. Whaley*, 213 Va. 7, 189 S.E.2d 46 (1972); *Crews v. Hatcher*, 91 Va. 378, 21 S.E. 811 (1895).

 The rule in *Tiffany*, however, substituting "and" for "or", is applicable only in situations where the intent of the testator cannot be ascertained from the will.

> [T]his rule like other rules applicable to the construction of wills gives way to any lawful intention of the testator which may be gathered from the four corners of the will itself.

168 Va. at 36, 190 S.E. at 103. Similarly, the preference for early vesting is a rule of construction implicated only if the will is unclear:

> Because we find the meaning of the words plain, it is not necessary to consider any rule of construction, such as the rule favoring early vesting of estates. . . . We, therefore, in-

terpret the will in accordance with these established rules, ascertaining the testator's intent from the language he used in the will.

*Maiorano* v. *Virginia Trust Co.*, 216 Va. 505, 510, 219 S.E.2d 884, 887-88 (1975). (Citations omitted.) *Accord Clark* v. *Strother*, 238 Va. 533, 385 S.E.2d 578 (1989).

■ We agree with the trial court that the will is unambiguous and the testator's intent can be ascertained from the four corners of the document. Thus, resort to rules of construction is unnecessary. To determine the testator's intent, when he used the phrase "or their [his] heirs" in Item 13, we must look to other items in the will.

Item 11 of the trust identified specific persons who were to receive income from the trust during their lifetimes.[3] The testator realized that some of the income beneficiaries might not survive him and, therefore, specifically provided that the interests of any beneficiaries who "be not living at the time of my death" be paid to his brother Michael and at Michael's death, to accumulate as part of the corpus of the testator's estate.

■ It is reasonable to assume that the testator also realized that the remaindermen named in Item 13 might not outlive him or the income beneficiaries named in Item 11. Glennan provided for this contingency by consistently using "or" in the normal, disjunctive, and substitutional sense throughout Item 13. The testator's use of additional language in Items 13(a) and (b) was necessary because he desired to limit the taking to certain heirs of the named remaindermen: two of Lena Allen's four children, and the children of Genevive *and* James Allen. Furthermore, in Item 13(b) Glennan imposed certain other taking conditions on Genevive Parker Allen. Therefore, the trial court was correct when it ruled that the Item 13 beneficiaries possessed alternate contingent remainders which will not indefeasibly vest until the trust terminates.

Appellants claim, however, that the use of "or" in the disjunctive in an identical phrase in Item 9 conflicts with the plain intent of the testator, and an ambiguity in the will is thereby created. In Item 9 Glennan made an outright devise of certain real property to "William B. Clark, or his heirs". The vesting of this devise,

---

[3] The exception, Item 11(3)(b), gave Genevive Parker Allen a determinable life estate.

however, was dependent only on the demise of the testator. At Glennan's death, William Clark, if alive, inherited the interest in the property. Thus, if Clark had predeceased the testator, his heirs would have inherited the interest regardless of whether the phrase "or his heirs" or "and his heirs" was used.

■ Finally, based on their argument that they possess vested remainders, the appellants seek to terminate the trust through joint demand of all trust beneficiaries for delivery of the trust assets. They maintain that, while Item 12 provides that the trust is to terminate on the death of the last income beneficiary, there is no requirement that the trust continue until that event. The cases relied upon by the appellants to support their contention allowed termination of a trust prior to a stated termination event when (1) the settlor did not express a contrary intent in the document, and (2) all the beneficiaries concurred in the demand for termination. *Schmucker* v. *Walker*, 226 Va. 582, 585, 311 S.E.2d 108, 109-10 (1984); *Telephones, Inc.* v. *LaPrade*, 206 Va. 388, 397, 143 S.E.2d 853, 859 (1965).

■ Neither requirement is met in this case. We believe Item 12 clearly indicates the testator's intent that the trust terminate at no time other than "[u]pon the death of all of the income beneficiaries as set forth in item 11." This is consistent with other trust provisions; for example, Item 11 provides for accumulation of the trust income until the last Item 11 income beneficiary dies, and Item 13, as previously held, uses the phrase "or his heirs" to create remainder interests, the vesting of which is contingent upon the death of the last Item 11 beneficiary.

■ Secondly, appellants' demand for termination of the trust must fail because all beneficiaries are unable to join in the demand. The remainder beneficiaries in Item 13 cannot be identified until the trust is terminated. *See Schmucker*, 226 Va. at 586, 311 S.E.2d at 110.

For the reasons stated above, we will affirm the judgment of the trial court.

*Affirmed.*