CLARENCE C. MOORE

V.

ELVERTHA D. GILLIS

Record No. 890277

March 2, 1990

Present: All the Justices

*Walter H. Emroch (William P. Hanson, Jr.,* on brief), for appellant.

*Caroline Lowdon Lockerby, Assistant Attorney General (Mary Sue Terry, Attorney General; Gail Starling Marshall, Deputy Attorney General,* on brief), for appellee.

CHIEF JUSTICE CARRICO delivered the opinion of the court.

Code § 8.01-380(A) contains a limitation which provides that "[a]fter a nonsuit no new proceeding on the same cause of action or against the same party shall be had in any court other than that in which the nonsuit was taken." The question for decision in this case is whether the limitation applies to a second proceeding brought in another court prior to the time the first proceeding is nonsuited. The trial court held that the limitation does apply and dismissed the second proceeding. We granted an appeal to review the trial court's action.

The record shows that on April 18, 1985, the plaintiff, Clarence C. Moore, was an inmate at the Brunswick Correctional Center in Brunswick County and that the defendant, Elvertha D. Gillis, was a corrections officer employed at the same facility. On that date, Moore was injured when an electronically operated door through which he was passing slammed against him.

On March 11, 1987, Moore filed a motion for judgment against Gillis in the Circuit Court of the City of Richmond. In the motion, Moore alleged that Gillis negligently caused the door to slam against him and, accordingly, that she was liable to him in damages.

On April 6, 1987, Gillis filed a motion to transfer venue of the action to the Circuit Court of Brunswick County. Moore agreed to the transfer, but, on April 16, 1987, before the transfer order was entered, filed another motion for judgment on the same claim in the Circuit Court of the City of Richmond. By order dated May 18, 1987, the Richmond court transferred venue of the first action to Brunswick County. Nearly a year later, on April 18, 1988, Moore nonsuited the first action, which was then pending in the Circuit Court of Brunswick County.

On December 7, 1988, acting on its own motion, the Circuit Court of the City of Richmond held that it lacked jurisdiction to "hear the 'new' proceeding." On December 29, 1988, the court dismissed Moore's second action.

Moore contends that the statutory limitation contained in Code § 8.01-380(A) "does not apply to cases where two lawsuits are pending simultaneously and one is subsequently nonsuited." A defendant's only option in such a situation, Moore says, is to "make a motion to require the plaintiff to elect which suit he will pursue."

Gillis contends that the limitation in question "is intended to prevent a plaintiff from 'forum-shopping' by instituting his suit in a new court after encountering difficulties in his original suit." Gillis maintains that to "allow a plaintiff to circumvent the statute in this way would lead to an absurd result - a plaintiff who desires to nonsuit and refile in a new court need only file in the new court the day *before* he nonsuits." (Emphasis in original.)

Gillis says that this Court has "the duty to construe the statute so as to avoid [an absurd] result, and to adopt a reasonable construction within the legislative intent and purpose." And we must adopt that interpretation "which is consistent with the legislature's intention," Gillis opines, "even though such interpretation may not be in conformity with the strict letter of the law."

We do not disagree with Gillis's contention that it is this Court's duty to give effect to legislative intent. Neither do we doubt the accuracy of Gillis's assertion that a purpose of the limitation contained in Code § 8.01-380(A) was to prevent a plaintiff from "forum-shopping."

The narrow question in this case, however, is whether the General Assembly intended the limitation to be so sweeping in effect that it would prohibit the prosecution of a proceeding filed *before* a nonsuit is taken in a pending action covering the same claim. And in resolving that question, a well-established rule controls.

If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Brown* v. *Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id.*

Here, the statutory language is not of doubtful meaning but is clear and unambiguous. In plain terms, the limitation contained in Code § 8.01-380(A) is made to apply only where a *new proceeding* is brought *after* a nonsuit is taken in an action previously filed.

■ In this case, the second proceeding was an *existing* proceeding, not a new one, brought *before*, not after, the nonsuit was taken in the action previously filed. Hence, disagreeing with Gillis's contention that a result contrary to her view would be absurd, we hold that the limitation in question was not intended to apply to the sort of situation presented here.

Accordingly, we will reverse the judgment of the trial court, reinstate Moore's second motion for judgment, and remand the case for further proceedings.

*Reversed and remanded.*