## CIRCUIT COURT OF FAIRFAX COUNTY

Goldblatt

v.

Brayshaw et al.

January 31, 1991

Case No. (Law) 96489

By JUDGE THOMAS S. KENNY

This case is before the court upon the defendants' plea to the statute of limitations. This court heard oral argument on December 27, 1990, and was further aided in its decision by the filing of briefs from both counsel.

The relevant facts in this case are not complicated. The plaintiff commenced an action at law against the several defendants who are parties to this action. That Motion for Judgment (L89785) was never served on any of the defendants and was concluded by the entry of a voluntary nonsuit on June 8, 1990. The present action was instituted on April 10, 1990, two months before the initial nonsuit was taken and more than one year after the applicable two-year statute of limitations had expired. The sole question presented by the facts, for this court's determination, is whether the commencement of the first action tolled the statute of limitations, thereby saving the present suit which was instituted prior to the June 1990 nonsuit.

Initially, I do not believe that the disposition of this case is governed by the provisions of Va. Code Section 8.01-229(E)(3) which relates to tolling of the statute of limitations in nonsuited actions. This determina-

tion is dictated by the recent decision of the Supreme Court of Virginia in *Moore v. Gillis*, 239 Va. 239 (1990). In *Moore*, the plaintiff commenced his action in an improper venue. Shortly before the case was transferred, a second and identical motion or judgment was filed in the initial forum within the original period of limitation. The first action was then transferred and nonsuited nearly a year later. At issue in that case was whether the second suit must comport with the requirements of § 8.01-380, specifically that portion of the statute which required refiling in the same court in which the nonsuit was taken. What is relevant to these proceedings is the Court's holding that § 8.01-380 applies "only where a *new proceeding* is brought *after* a nonsuit is taken in an action previously filed." *Id.* at 241 (emphasis in original). By its own terms, § 8.01-229(E)(3) is relevant only when actions are nonsuited pursuant to § 8.01-380. The relevant text of § 8.01-229(E)(3) reads:

> If a plaintiff suffers a voluntary nonsuit *as prescribed in Section 8.01-380*, the statute of limitations with respect to such an action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within 6 months from the date of the order entered by the court, or within the original period of limitation . . . whichever is longer.

(Emphasis added.) By analogy, § 8.01-229(E)(3) should not be construed to encompass this suit because the facts are not those which the Virginia Supreme Court has determined must be present to trigger an inquiry under this portion of the statute.

While § 8.01-229(E)(3) does not control the outcome of this case, another provision of the same statute Section 8.01-229(E)(1) offers a vehicle for resolution of the limitations issue. The applicable text of § 8.01-229(E)(1) states that:

> Except as provided in subdivision 3 of this subsection, if any action is commenced within the prescribed limitation period and for any

> cause abates or is dismissed without determining the merits, the time such action is pending shall not be computed as part of the period within which such action may be brought, and another action may be brought within the remaining period.

The clear language of this passage seems to indicate that the commencement of any cause of action (not specifically exempted from this portion of the statute) will toll the statute for all the time it exists, so long as the suit is not brought to conclusion by a determination on the merits.

In applying the "savings" provisions of § 8.01-229 the court should bear in mind the nature and function of the statute, both of which compel a denial of the defendants' plea to the statute of limitations. In *Woodson v. Commonwealth Utilities*, 209 Va. 72, 74 (1968), the Virginia Supreme Court urges such an approach, reasoning:

> Statutes quite similar to Code section 8-34 [a predecessor to § 8.01-229] have their origin in the Act of 1623 (21 James I, c. 16, § 4). Such statutes are highly remedial and should be liberally construed in furtherance of their purposes and are not to be frittered away by any narrow construction.

Both statutory and case law mandate that this court refrain from penalizing a litigant who files sooner rather than later. The defendants' plea in bar to the statute of limitations is overruled.