## CIRCUIT COURT OF THE CITY OF RICHMOND

Ethel Rea Smith

v.

Robert Ellis et al.

May 21, 1992

Case No. LU-781-4

By Judge Randall G. Johnson

This medical malpractice case is before the court on three of the four defendants' statute of limitations pleas. After a hearing on April 17, the court ruled from the bench that the pleas would be sustained and that the three defendants making the pleas would be dismissed. By letter to counsel dated April 24, however, and before an order had been entered on the court's ruling, the court informed counsel that it was having second thoughts about its ruling and would like to hear further argument. Another hearing was held on May 18.

The events giving rise to plaintiff's claim occurred no later than November 8, 1989. A notice of claim was mailed to one of the defendants, Robert Ellis, M.D., on October 30, 1991. On November 5, 1991, a second notice of claim, this time naming all four defendants, was hand-delivered and mailed to each defendant. In addition to including the three additional defendants, the second notice of claim also contained two allegations of negligence which were not included in the first notice. The three defendants who were not named in the first notice of claim argue, and the court initially held, that Va. Code § 8.01–581.2:1 precluded the second notice from having any legal significance and that, accordingly, such second notice did not toll the running of the two-year statute of limitations as to the three added defendants. Section 8.01–581.2:1 provides:

> *Amendment of notice of claim .* — After the notice of claim has been delivered or mailed to a health care provider, the chairman or, if a request for a review panel has not been

filed, the court in which a motion for judgment based on the claim has been or would be filed may grant leave to amend the notice to add additional parties or causes of action in furtherance of the ends of justice except where (i) the request for leave to amend is made less than ten days before the date set for the review panel to convene or for the hearing or (ii) the chairman or judge finds that the request for leave to amend is without merit. If leave to amend is granted, the chairman or judge may, upon motion of either party, stay the review panel proceedings or continue the trial, extend the time for completion of discovery, filing of pleadings and other procedural limitations periods, or enter such other orders as are appropriate to avoid prejudice to the parties and to avoid unnecessary delay and duplication in the proceedings.

Leave to amend the notice pursuant to this section shall not be granted if the chairman or judge finds that the applicable statute of limitations has expired with respect to the new or additional parties or causes of action.

Because plaintiff had failed to make any request for leave to amend prior to filing her motion for judgment and because the statute of limitations against all defendants except Dr. Ellis has, if the second notice of claim is a nullity, now expired, the court ruled that the statute of limitations barred suit against the three new defendants.[1] I now conclude that the court's previous ruling was incorrect and that the statute of limitations pleas should be overruled.

In *Moore v. Gillis*, 239 Va. 239, 389 S.E.2d 453 (1990), a personal injury action not involving medical malpractice, plaintiff filed a motion for judgment in Richmond. Defendant filed a motion to transfer venue to Brunswick County. Plaintiff agreed to the transfer, but before the transfer order was entered, filed another motion for judgment — identical to the first — in Richmond. Plaintiff requested of the clerk's office that the second motion for judgment not be served, and defendant, in fact, knew nothing about it. The first case was then transferred to Brunswick County where, almost a year later, plaintiff took a nonsuit. Plaintiff then had the second motion for judgment

---

[1] In fact, leave to amend was only requested after suit was filed, and then only in response to the statute of limitations pleas.

served on defendant. This court held that the second motion for judgment was, in reality, a refiling of the first, and that since Va. Code § 8.01–380(A) requires a nonsuited action to be filed in the same court from which the nonsuit was taken, plaintiff's second motion for judgment could not proceed in Richmond. The Supreme Court, finding no prohibition in any statute or rule of court against a plaintiff's filing multiple motions for judgment containing identical allegations against the same defendant or, by necessary implication, different defendants, reversed:

> [T]he statutory language is not of doubtful meaning but is clear and unambiguous. In plain terms, the limitation contained in Code § 8.01–380(A) is made to apply only where a *new proceeding* is brought *after* a nonsuit is taken in an action previously filed.
>
> In this case, the second proceeding was an *existing* proceeding, not a new one, brought *before*, not after, the nonsuit was taken in the action previously filed.

239 Va. at 240–41 (emphasis in original).

Because I see no legal or practical difference between multiple motions for judgment and multiple notices of claim, *Moore v. Gillis* is controlling here. Thus, plaintiff's second notice of claim, naming all four defendants, is a valid and viable notice of claim all by itself, and the statute of limitations as to all four defendants was tolled when it was served. The statute of limitations pleas, then, must be rejected.

Moreover, in considering the holding of *Moore v. Gillis*, it should be remembered that motions for judgment also cannot be amended without leave of court. Rule 1:8 of the Rules of the Supreme Court of Virginia specifically provides:

> No amendments shall be made to any pleading after it is filed save by leave of court. Leave to amend shall be liberally granted in furtherance of the ends of justice.

Thus, under the holding of *Moore v. Gillis*, a plaintiff has two choices when he or she wishes to change something in a motion for judgment: either he or she can seek leave to court to amend the motion for judgment which has already been filed; *or he or she can simply file a brand new motion for judgment.* Of course, the latter choice assumes that the relevant statute of limitations has not already

run. Since I see nothing in Virginia's medical malpractice statutes or rules which mandates different treatment of notices of claim in malpractice cases, a malpractice claimant has the same options; that is, to (1) seek leave to amend a notice which has already been served, or (2) simply serve a brand new notice. Again, in order to exercise the second option, the statute of limitations must not have already run. It had not run here.

Finally, defendants state that this case is not like *Moore v. Gillis* because of Va. Code § 8.01–581.2(D), which provides:

> D. If a claim arising out of the same incident is asserted against more than one health care provider, the notice of claim shall name all of them and shall be filed with all of them. Any health care provider so named shall have the right to request a panel and, in that event, shall mail copies of its request to the other health care providers named in the notice of claim, as well as to the claimant and his counsel of record. When a request for a medical review panel is made by any party, a single panel shall be designated, and all health care providers against whom a claim is asserted shall be subject to the jurisdiction of such panel. The provisions of this subsection shall not prohibit the addition of parties pursuant to § 8.01–581.2:1.

Defendants argue that this section, when read with § 8.01–581.2:1 regarding amendments, clearly shows a legislative intent to prohibit the filing of new notices of claim after one notice of claim has already been filed. Again, however, *Moore v. Gillis* controls:

> If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id*.

239 Va. at 241.

Here, the language of §§ 8.01–581.2(D) and 8.01–581.2:1 is clear, unambiguous, and unequivocal. Section 8.01–581.2(D) says that if a claim is asserted against more than one health care provider, *the* notice of claim shall name all of them. Here, *the* notice of claim dated November 5, 1991, does name all of the defendants. Since

there is nothing in that section, or in § 8.01–581.2:1, which explicitly or, in light of *Moore*, implicitly prohibits the filing of multiple notices of claim, defendants' argument in this regard must also fail.

For the reasons stated above, the court reverses the holding stated from the bench on April 17, 1992, and now holds that the statute of limitations does not bar this suit against any defendants.