## CIRCUIT COURT OF THE CITY OF RICHMOND

Bradfute W. Davenport, Jr., et al.

v.

Department of Taxation,
Commonwealth of Virginia

February 29, 1996

Case No. LA-1382-4

BY JUDGE RANDALL G. JOHNSON

Plaintiff taxpayers filed this action pursuant to Va. Code § 58.1-1825 to challenge what they claim are erroneous or improper assessments of state income taxes. At issue is whether a parent's election to include his or her child's unearned income in the parent's gross income for federal income tax purposes makes such income a part of the parent's Virginia taxable income. The court holds that it does not.

The facts are not in dispute. 26 U.S.C. § 1(g), commonly known as the "Kiddie Tax," generally provides that the unearned income of a child under the age of 14 is taxed by the federal government at the tax rate applicable to the child's parents if the parents file jointly, at the rate of the parent with the greater income if the parents file separately, or at the rate of the custodial parent if the parents are not married to each other. If the child's unearned income is less than $5,000, such income may be reported on a tax return filed by or for the child or, if the parent chooses, may be included in the parent's gross income on the parent's return, thereby doing away with the need for a return for the child unless a return is otherwise required.

For calendar years 1992, 1993, and 1994, plaintiffs' five minor children had unearned income which plaintiffs, filing jointly, elected to include in plaintiffs' gross income on plaintiffs' federal returns. When calculating plaintiffs' Virginia taxable income on plaintiffs' state returns, however,

plaintiffs subtracted their children's unearned income from plaintiffs' federal adjusted gross income. The Virginia Department of Taxation has now assessed plaintiffs an additional tax for 1992 based on the children's unearned income for that year, and plaintiffs, doing what they call "self assessing" for 1994, have also paid, under protest, an additional tax for 1994 based on their children's unearned income for that year. No additional tax or "self assessment" has been assessed or performed for 1993. It is plaintiffs' claim that the assessments which were made are erroneous. The Department, of course, disagrees.

The Department makes several logical and compelling arguments in support of its position that the unearned income of plaintiffs' children is a part of plaintiffs' Virginia taxable income. First, the Department points out that Va. Code § 58.1-322, which defines "Virginia taxable income," sets out more than three pages of items which must be added to, or which may be deducted from, a taxpayer's federal adjusted gross income in order to arrive at the taxpayer's Virginia taxable income. The Kiddie Tax is not one of them. In addition, the Department cites its Tax Bulletin No. 92-11 which provides, in pertinent part:

> The department's long-standing policy has been that the Virginia taxable income of a parent making the federal election **includes** that portion of federal adjusted gross income (FAGI) representing the income of a child. This is because of the statutory requirement in Va. Code § 58.1-322 that the Virginia taxable income of an individual taxpayer equal that individual's FAGI for the year.
>
> As such, the parent may **not** subtract that portion of FAGI which represents the income of the child, when computing his or her Virginia income tax liability. In the case of a combined (filing status 4) return where each spouse reports his or her income, the income of the child may be allocated either to the husband or the wife, so long as the total FAGI listed on their Virginia return equals the FAGI reported on their joint federal return.

Bold type in the original.

Citing cases such as *Commonwealth v. Radiator Corp.*, 202 Va. 13, 116 S.E.2d 44 (1960), the Department argues that its interpretation is entitled to great weight, and indeed it is:

> The elementary rule of statutory interpretation is that the construction accorded a statute by public officials charged with its

administration and enforcement is entitled to be given weight by the court. The legislature is presumed to be cognizant of such construction. When it has long continued without change the legislature will be presumed to have acquiesced therein.

202 Va. at 19. *See also Forst v. Rockingham*, 222 Va. 270, 276, 279 S.E.2d 400 (1981) (Department of Taxation's interpretation of tax laws "is entitled to great weight"); *Smith v. Bryson*, 100 Va. 199, 204, 40 S.E. 652 (1902).

This principle is particularly applicable here, argues the Department, because in 1991 and 1992, bills were introduced in the General Assembly which would have specifically excluded a child's unearned income from the parent's Virginia taxable income, even if such income was included on the parent's federal return, precisely what plaintiffs now ask this court to hold. *See* HB 1556 introduced in 1991, and SB 216 introduced in 1992. Such action, or inaction, according to the Department, when coupled with the other matters already mentioned, is unequivocal proof that its interpretation is correct and must be followed by the court. As logical and compelling as these arguments are, they are rejected.

Va. Code § 58.1-322 provides, in pertinent part:

> § 58.1-322. *Virginia taxable income of residents.* — A. The Virginia taxable income of a resident individual means *his* federal adjusted gross income for the taxable year . . . with the modifications specified in this section.

Emphasis added.

As plaintiffs correctly argue, including a child's unearned income in the parent's gross income on a federal tax return does not make such income *his* — that is, the parent's — income. It is still the child's income. It is simply included in the parent's gross income for federal tax purposes. Since Virginia taxable income can only be "his," the taxpayer's, income, plaintiffs' Virginia taxable income cannot include their children's income, something which is not plaintiffs'. As was said in *Moore v. Gillis*, 239 Va. 239, 389 S.E.2d 453 (1990):

> If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Brown v Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "When an enactment is

clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id.*

239 Va. at 241.

Virginia Code § 58.1-322 is clear and unambiguous. Only the taxpayer's income can be Virginia taxable income. Since plaintiffs' children's income is not plaintiffs', it was properly deducted from plaintiffs' federal adjusted gross income in calculating plaintiffs' Virginia taxable income.

The Department, however, argues that Va. Code § 58.1-322 must be read in conjunction with 26 U.S.C. § 1(g) and that such a reading mandates a ruling in the Department's favor. Specifically, 26 U.S.C. § 1(g)(7)(i) provides that when the subject election is made, the child's unearned income "shall be included *in* such parent's [federal] gross income for the taxable year." Emphasis added. The statute does not say that the child's income shall be "added to," or "shown as part of," or even "included *with*." It says "included *in*." According to the Department, this language means that such income is *"his,"* the taxpayer's, income for Virginia income tax purposes. Again, the court disagrees.

First, the Department's argument does nothing to change the fact that regardless of where a child's income is reported, it remains the income of the child. It simply is not the income of the parent. Thus, the plain meaning of Va. Code § 58.1-322, just discussed, still applies. Moreover, even if the court agreed that the federal statute and the state statute, when read together, are ambiguous, the court's decision would be the same. This is so because where statutes are ambiguous, they must be interpreted in such a way that an absurd, inconsistent, or unreasonable result is avoided. *See, e.g., McFadden v. McNorton,* 193 Va. 455, 461, 69 S.E.2d 445 (1952); *Miller v. Commonwealth,* 180 Va. 36, 41, 21 S.E.2d 721 (1942). The Department's interpretation is at least inconsistent and unreasonable.

As already noted, the Kiddie Tax is the same no matter where the child's income is reported. Under no circumstance does the parent obtain any advantage, other than less paperwork, by including the child's unearned income on the parent's return. On the other hand, the parent may very well incur *added* federal tax liability by making the election, since such things as the amounts allowed for itemized deductions and personal exemptions decrease as adjusted gross income increases. In addition, while a child's unearned income above $500 is taxed by the federal government (see 26 U.S.C. §§ 1(g)(4)(A) and 63(c)(5)(A)), Virginia does not impose a tax on any income less than $5,000. Va. Code § 58.1-321(A)(1). In fact, a single person with income less than $5,000 does not even have to

file a Virginia income tax return. *Id.* Since a parent cannot make the subject federal election unless his or her child's unearned income is less than $5,000, there is no child for whom the election can be made who would otherwise have to pay income taxes to Virginia. In other words, under the Department's interpretation, the only thing Virginia parents accomplish by making the subject election, other than lessening their (and the federal government's) paperwork, is volunteering to pay Virginia income tax on their children's unearned income, something neither the parents nor their children would otherwise have to do. The court cannot believe that this is the intent of the legislature, and in the face of a possible ambiguity in the statutes would hold that the Department's interpretation is wrong. The court again points out, however, that it does not believe that the statutes are ambiguous. The plain meaning of Va. Code § 58.1-322, as already discussed, requires a ruling in favor of plaintiffs.