# CIRCUIT COURT OF THE CITY OF RICHMOND

In re Merrick Bank Corp.
and Singer Asset Finance Co.
(re Joan H. Shaw-Ennis)

Case No. LF-2960-4

In re Merrick Bank Corp.
and Singer Asset Finance Co.
(re Jeffrey M. Horn)

Case No. LF-2961-1

In re Singer Asset Finance Co.
(re Keith M. Conyers)

Case No. LL-66-1

In re Singer Asset Finance Co.
(re Jason L. Applegate)

Case No. LL-72-4

In re Singer Asset Finance Co.
(re Cheryl D. Nichols)

Case No. LL-73-1

February 15, 2000

BY JUDGE RANDALL G. JOHNSON

In each of these cases, the court is asked by a proposed transferee (collectively, the "applicants") to approve a transfer of one or more payments under a "structured settlement" agreement. Such an agreement is defined by

Va. Code § 59.1-475 as "an arrangement for periodic payment of damages for personal injuries established by settlement or judgment in resolution of a tort claim or for periodic payments in settlement of a workers' compensation claim." Such approval is required by § 59.1-476 before a valid transfer of such payments can occur. With respect to the five cases at issue, the court concludes that it is without jurisdiction to give such approval.

Jurisdiction to grant the approval sought in these cases is set out in § 59.1-477(A). That Section provides:

> A. An application for authorization under § 59.1-476 of a transfer of structured settlement payment rights shall be made and prosecuted by the transferee and may be brought:
>
> 1. In the circuit court for a Virginia city or county in which the payee, the settlement obligor, the annuity issuer or the transferee resides, and such court may refer the matter to a commissioner of accounts for a report to such court and a recommendation on the findings required by subsection A of § 59.1-476. Such report and recommendation shall be filed with the court and mailed to all interested parties served under subsection B of this section, and such report and recommendation and any exceptions thereto shall be examined by the court and confirmed or corrected as provided in § 26-33; or
>
> 2. In any court which approved the structured settlement agreement or before any responsible administrative authority which approved the structured settlement agreement; or
>
> 3. In any other court of general jurisdiction which has jurisdiction to issue a final order pursuant to subsection A of § 59.1-476.

Since none of the payees, settlement obligors, annuity issuers, or transferees in any of the cases at issue resides or is located in Richmond, this court does not have jurisdiction to approve any of the transfers being requested. Accordingly, each request will be denied.

In making this ruling, the court is aware of the applicants' argument that § 59.1-477(A)(3), characterized by the applicants as a "catchall" provision, grants jurisdiction in spite of the fact that none of the parties resides in Richmond.[1] Specifically, the applicants argue that even if the court does not

---

[1] As used in this opinion, the term "parties" refers to the payee, the settlement obligor, the annuity issuer, and the transferee in each case under consideration.

have jurisdiction under subsection (A)(1) or (A)(2), it has jurisdiction under subsection (A)(3). The court rejects that argument.

Section 59.1-477(A)(1) gives this court jurisdiction to approve a transfer if the payee, settlement obligor, annuity issuer, or transferee resides in Richmond. Section 59.1-477(A)(2) gives this court jurisdiction to approve a transfer if this court approved the structured settlement agreement. According to the applicants, however, this court has jurisdiction no matter where the parties reside and no matter where the agreement was approved, if the agreement was approved at all. In fact, in two of the agreements at issue there was no court or agency approval of the structured settlements since the payees were adults when they settled their claims. In any event, the applicants' argument cannot be correct.

Virginia Code §§ 59.1-477(A)(1) and (A)(2) are not ambiguous. Subsection (A)(1) states in clear and precise language that, in order for the court to exercise jurisdiction under that part, at least one of the parties must reside in Richmond. Subsection (A)(2) states in clear and precise language that, in order for the court to exercise jurisdiction under that part, the court must have approved the structured settlement. "If statutory language 'is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it'." *Moore v. Gillis*, 239 Va. 239, 241, 389 S.E.2d 453 (1990) (*quoting Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985)). Indeed, if this court has jurisdiction no matter where the parties reside and whether or not this court approved the structured settlement agreement, why did the legislature use eleven of the fifteen lines of text in § 59.1-477(A) telling the court that it has jurisdiction if one of the parties *does* reside here and if this court *did* approve the structured settlement? It makes no sense.

Subsection (A)(3) of § 59.1-477 is also not ambiguous. That subsection provides that jurisdiction to approve transfers of structured settlement payments rests in "any other court of general jurisdiction which has jurisdiction to issue a final order pursuant to subsection A of § 59.1-476." Subsection A of § 59.1-476, provides that "[n]o direct or indirect transfer of structured settlement payment rights shall be effective and no structured settlement obligor or annuity issuer shall be required to make any payment directly or indirectly to any transferee of structured settlement payment rights unless the transfer has been authorized in advance in a final order of *a court of competent jurisdiction* or a responsible administrative authority . . . ." Emphasis added. This is either a circular reference back to § 59.1-477(A) with no meaning of its own, or a recognition by the legislature that courts other than state courts in Virginia might approve such settlements involving payees,

settlement obligors, annuity issuers, or transferees who reside in Virginia. For example, a court in Pennsylvania, where one of the present payees resides, might approve a transfer of structured settlement payments under a law similar to the one at issue here. If so, the annuity issuer who is located in Virginia would want to be sure that Virginia recognizes the transfer before it makes payment to the transferee. Otherwise, the payee might be able to come to Virginia and recover the payment from the annuity issuer since § 59.1-476(A) specifically states that no such transfer shall be effective unless approved in advance by a court of competent jurisdiction. The same might be true for a transfer approved in Florida, where the corporate transferee in the present cases "resides." If a payee in such a case resides in Virginia and one of the payees now before the court resides in Virginia Beach, Virginia, the transferee and the annuity issuer want to be sure that the payee is bound by the transfer. Under §§ 59.1-476(A) and 59.1-477(A)(3), the payee would be bound, so long as the court in Florida is a court of "competent" and "general" jurisdiction (§§ 59.1-476(A) and 59.1-477(A)(3)) and so long as the transfer was authorized in advance in a final order which that court had jurisdiction to issue. *Id.* In addition, the Editor's Notes to the statutes under consideration indicate that §§ 59.1-475 through 59.1-477 will expire on July 1, 2001, "unless federal legislation has been enacted by such date establishing a federal standard applicable to transfers of structured settlement payment rights." Thus, it is likely that the General Assembly anticipated that federal courts might also be authorized to approve the type of transfers at issue here. If so, the parties need to know that such approvals will be honored by Virginia and enforced by Virginia's courts against parties residing or located here. In any event, the court holds that subsection (A)(3) of Va. Code § 59.1-477 has meaning and is not ambiguous.