## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Carolyn Carlotta Trent,
deceased

November 27, 2001

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on the petition of Larry B. Collins, Administrator c.t.a. of the Estate of Carolyn Carlotta Trent, deceased, for a grant of the powers set out in Va. Code § 64.1-57, particularly the power to sell the real estate located at 1909 North 24th Street in Richmond. For the reasons that follow, the petition is denied.

Carolyn Trent died on August 26, 1999. On August 7, 2001, her will was probated in the clerk's office of this court. After directing her executor to pay all of her just debts, funeral expenses, and estate and inheritance taxes, the will devised all of Trent's estate, "wheresoever situated and howsoever held, real, personal, or mixed," to fourteen named nieces and nephews in equal shares. Among the property owned by Trent at her death is the property located at 1909 North 24th Street. Claiming that the estate's personal property is not sufficient to pay the debts of the estate, petitioner seeks to sell the realty.

Virginia Code § 64.1-57.1 provides, in pertinent part:

> Upon motion of a personal representative or trustee, a circuit court may grant to the sole personal representative or trustee, if there is only one, or to all the personal representatives or trustees, if there is more than one, all or a part of such powers as may be incorporated [into a will] by reference pursuant to § 64.1-57.

One of the powers that may be incorporated into a will by reference pursuant to § 64.1-57 is the power:

To sell, assign, exchange, transfer, and convey or otherwise dispose of, any or all of the investments and property, either real, personal or mixed, *which may be included in, or may at any time become part of* the trust or estate upon such terms and conditions as the fiduciary, in his absolute discretion, may deem advisable. . . .

Virginia Code § 64.1-57.1(1)(b) (emphasis added).

The court holds that since the real property at issue in this case was not included in, and never became a part of Trent's estate, the court cannot give petitioner the power to sell it.

In the absence of testamentary language to the contrary, title to real property vests in the devisee or heir immediately upon the death of the decedent. *Broaddus v. Broaddus*, 144 Va. 727, 741-42, 130 S.E. 794 (1925). Title to personal property vests in the personal representative to be distributed or, if necessary, to pay off debt. *Id.* at 742. *See also* 15 *Wm. & Mary L. Rev.* 949 (1973-74). In other words, while personal property is part of a decedent's estate by operation of law, real property is part of a decedent's estate only if the decedent makes it part of the estate by will. Ms. Trent did not do so.

Trent's will does direct the executor to pay her debts. Petitioner has cited no case, however, that holds that such a provision makes the testator's real property part of the estate in the absence of an express or implied power to the executor to sell such real property. The court also has found none. In fact, the holding in *Broaddus* is a clear indication that such is not the law. In *Broaddus*, the will also provided for the payment of the testator's debts. 144 Va. at 733. The Supreme Court nonetheless held that the testator's real property was not part of his estate.

The court also rejects petitioner's argument that Va. Code § 64.1-181 allows the relief he seeks. That section provides:

All real estate of any person who may hereafter die, as to which he may die intestate, or which, though he die testate, shall not by his will be charged with or devised subject to the payment of his debts, or which may remain after satisfying the debts with which it may be so charged or subject to which it may be so devised, shall be assets for the payment of the decedent's debts and all lawful demands against his estate, in the order in which the personal estate of a decedent is directed to be applied.

The above section, in substantially the same form as it is now, has been the law in Virginia for over 150 years. While that section has consistently been held as allowing a creditor to maintain suit against a devisee or heir to subject a decedent's real property to the decedent's debts, it has never been interpreted as making the decedent's real property part of the estate. *See, e.g., Broaddus v. Broaddus, supra,* 144 Va. at 742-43; *Pierce v. Graham,* 85 Va. 227, 234-36, 7 S.E. 189 (1888); *Brewis v. Lawson,* 76 Va. 36, 40-41 (1881). To the contrary, prior to the adoption of Va. Code § 64.1-185, which gives personal representatives authority to sue devisees and heirs to subject real property to estate debts, the cases specifically held that since real property is *not* part of a decedent's estate, lack of privity not only prevented creditors from maintaining such suits against personal representatives, lack of privity also prevented personal representatives from maintaining such suits against devisees and heirs. *Id.* While § 64.1-185 now allows personal representatives to maintain such suits against devisees and heirs, there is still no law making real property part of a decedent's estate. This court cannot create one.

Finally, petitioner argues that the General Assembly must have intended that real property be part of decedents' estates because § 64.1-57.1 was amended to include administrators in the term "personal representatives" after an Attorney General opinion was issued saying that they were not included. *See* Opinion to The Honorable Gerald A. Gibson, Clerk, Circuit Court of the City of Danville, April 18, 1984, 1983-84 Ops. Va. Atty. Gen. 159. Why, asks petitioner, would the legislature include administrators in the statute unless they could be given power with respect to real property? The answer is easy. Section 64.1-57 contains many powers. The powers relating to real property are only a few of them. There is nothing to prevent a court from granting other powers set out in that section to an administrator. The court holds only that the power to sell real property that is not part of the decedent's estate is not one of them. Moreover, as the Supreme Court made clear in *Moore v. Gillis,* 239 Va. 239, 389 S.E.2d 453 (1990):

If statutory language "is clear and unambiguous, there is no need for construction by the court; the plain meaning and intent of the enactment will be given it." *Brown v. Lukhard,* 229 Va. 316, 321, 330 S.E.2d 84, 87 (1985). "When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id.*

239 Va. at 241.

Virginia Code § 64.1-57(1)(b) is clear and unambiguous. It allows a court to grant to a personal representative the power to sell real property "which may be included in, or may at any time become part of" the estate. Since the real property belonging to Carolyn Trent has never become part of her estate, the court cannot grant petitioner the power he seeks.