## CIRCUIT COURT OF THE CITY OF RICHMOND

Rapid Industrial
Plastics Co., Inc.

v.

American Plastics, L.L.C., et al.

March 3, 2006

Case No. CM05-503

BY JUDGE RANDALL G. JOHNSON

This garnishment proceeding arises out of a judgment obtained by Rapid Industrial Plastics Co., Inc. ("Rapid") against American Plastics, L.L.C. ("American") on September 9, 2005, in the amount of $572,386.63. A garnishment was issued against BB&T Bank on December 28, 2005. After service of the garnishment, BB&T tendered a check to the court in the amount of $149,111.54. On January 25, 2006, American filed a written response alleging that the funds tendered to the court did not belong to it but belonged to Freedom Plastics, Inc. ("Freedom") as a result of its conveyance to Freedom of all of its assets on December 6, 2005. Also on January 25, Freedom, likewise claiming that the funds tendered to the court actually belong to it and not to American, filed a motion to intervene and for entry of an order directing return of the funds to Freedom. It scheduled a hearing on its motion for February 10.

On February 9, Rapid filed a written opposition to Freedom's motion. The opposition was based on several grounds. At issue here is Rapid's argument that Freedom lacks standing to intervene or otherwise be heard because it has failed to post the suspending bond set out in Va. Code § 8.01-365. After reviewing that section and other relevant provisions of the Code, case law, and arguments made at the hearing on February 10, the court holds that Freedom need not post a suspending bond in order to intervene.

The easy answer to Rapid's argument is to say that there is no reason to require a bond in this case and so no bond will be required. Unlike a case involving a levy on property in which a bond is required to prevent a sale before a determination of title because the property may disappear or decrease in value by a purposeful act of the debtor or otherwise, in a garnishment proceeding, where money is held by the garnishee with no ability of the debtor to access it or, as here, is held by the court, there is simply no need for a bond. The court knows, however, that statutes are to be applied as written, and if a statute requires a bond, even if the court believes a bond is not needed, a bond must be given. As was said in *Moore v. Gillis*, 239 Va. 239, 389 S.E.2d 453 (1990):

> If statutory language "is clear and unambiguous, there is no need for construction by the court: the plain meaning and intent of the enactment will be given it." . . . "When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply."

239 Va. at 241. *See also Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985).

The court concludes that the statute involved here does not require a bond. Virginia Code § 8.01-365 provides, in pertinent part:

> When a writ of fieri facias issued from a circuit court, or a warrant of distress, is levied on property, or when a lien is acquired on money or other personal estate . . . and when some other person than the one against whom the process issued claims the property, money, other personal estate, or some part or the proceeds thereof, then . . . the claimant, if such suspending bond as is hereinafter mentioned has been given . . . may apply to try the claim, by motion to the adverse party, to the circuit court of the county or city wherein the property, money, or other personal estate is located. . . .

As can be seen, the statute makes reference to three objects that can be subject to liens: property, money, and other personal estate. It also establishes as a prerequisite for a claimant's trial of a claim the posting of "such suspending bond as is hereinafter mentioned." Both of these things must be

kept in mind in determining whether a suspending bond is required in this proceeding.

Section 8.01-365 is the first section of Article 2, Chapter 12 of Title 8.01, and is titled "Claims of Third Parties to Property Distrained or Levied on." There are eight other sections in the article. Section 8.01-366 provides:

> In such case as is mentioned in § 8.01-365, when no bond is given for the forthcoming of the property, the court may, before a decision of the rights of the parties, make an order for the sale of the property, or any part thereof, on such terms as the court may deem advisable, and for the proper application of the proceeds. The court may make such orders and enter such judgment as to costs and all other matters as may be just and proper.

Although § 8.01-366 does not specifically refer to a "suspending bond," the court concludes that "the bond for the forthcoming of the property" is the suspending bond set out in § 8.01-365. Thus, if no forthcoming bond is given, the court may "make an order for the sale of the property" before making "a decision of the rights of the parties." By necessary implication, if a suspending bond is given, the court must determine the rights of the parties before ordering a sale. Significantly, the statute only refers to a sale of property. It does not mention payment to a creditor of money that is subject to a garnishment. This is significant because there is no need to sell money subject to a garnishment. Money subject to a garnishment is simply given to the creditor. While the statute gives the court the authority to order a sale of property before determining the rights of the parties if no bond is given, it does not give the court the authority to give money subject to a garnishment to a creditor before determining such rights. Section 8.01-366 does not apply to the garnishment in this action. (Of course, if the bond "given for the forthcoming of the property" is not a reference to the suspending bond in § 8.01-365, then § 8.01-366 need not be considered at all.)

The first paragraph of § 8.01-367 deals with circumstances in which the officer levying a fieri facias, attachment, or distress warrant may require a creditor to give an indemnifying bond, something not at issue here. The second paragraph deals with property in the possession of a debtor or garnishee but which is claimed by someone else. With regard to such property:

> [T]he officer having such process in his hands to be executed shall proceed to execute the same notwithstanding such claim unless the claimant of the property or someone for him shall give a suspending bond as provided by § 8.01-370. . . . And in case such claimant or someone for him fails to give such suspending bond . . . the claimant shall be barred from asserting such claim to the property and the officer shall proceed to execute the process, and the officer who executes such process shall not be liable to any such claimant for any damages resulting from the proper execution of such process as is required by this section.

While the statute provides that a claimant who fails to give a suspending bond "shall be barred from asserting such claim to the property," it is clear that such bar applies only to such claim being made to the person executing the process, not to the court. This is so because the garnishment summons is not served on the judgment debtor until "promptly *after* service on the garnishee." Va. Code § 8.01-511 (emphasis added). Since "the officer having such process in his hands to be executed shall proceed to execute the same notwithstanding such claim unless the claimant of the property or someone for him shall give a suspending bond as provided by § 8.01-370," such bond can never be given in a garnishment proceeding because the judgment debtor is never aware of the garnishment until after it has been executed. If the claimant is thereafter barred from making a claim in court, as opposed to simply being barred from making such claim to the executing officer, the statutes at issue are a clear infringement on the claimant's due process rights and are patently unconstitutional. *See, e.g., Sauls v. Thomas Andrews & Co.*, 163 Va. 407, 412-13, 175 S.E. 760 (1934) ("That one man's property cannot be taken to pay another's debts, and that its owner is entitled to an opportunity to be heard is too plain for argument. These statutes are remedial and are to be liberally construed and are not to be construed in such manner as to make them unconstitutional if it can be avoided."). The "these statutes" referred to in *Sauls* are the predecessors to the ones now at issue. That the bar applies only to a claim being made to the executing officer is also made clear by the language immediately following "the claimant shall be barred from asserting such claim to the property." That language is "and the officer who executes such process shall not be liable to any such claimant for any damages resulting from the proper execution of such process as is required by this section." Section 8.01-367 has no application to the proceeding at bar.

Sections 8.01-368 and 8.01-369 also have no application to this proceeding. They refer only to indemnifying bonds required of creditors and are not relevant here. Section 8.01-370 provides that "[t]he sale of any property levied on under a writ of fieri facias or distress warrant shall be suspended at the instance of any claimant thereof who will deliver to the officer a suspending bond. . . ." As was said in discussing § 8.01-366, money is not sold to satisfy a judgment. While § 8.01-370 contains the same language as § 8.01-367 that a claimant who fails to give a suspending bond "shall be barred from asserting such claim to the property," the same reasons that preclude such language in § 8.01-367 from barring a claimant from making a claim in court apply with equal force to that language in this section. Moreover, the fact that the bond called for in § 8.01-370 must be delivered and payable to the officer executing the writ ("such officer"), and not to the court, means that a suspending bond can be given in garnishment proceedings only when the claimant knows about the garnishment before it is served. As already noted, that never happens. Also as already noted, requiring a bond before such notice would be unconstitutional. As with § 8.01-367, the language immediately following the language barring the claimant from making a claim defines the bar. In § 8.01-370, that language is "the sale of the property shall proceed." Money is not sold in a garnishment proceeding.

Since the bond required in § 8.01-367 is the "suspending bond . . . required by § 8.01-370," the fact that such bond must be given to the officer who has undoubtedly already executed the writ by the time the claimant is aware of it is further reason that § 8.01-367 does not apply to garnishments.

Section 8.01-371 sets out the procedural and technical requirements for the suspending or forthcoming bond. Since that statute deals with the sale of property and the giving of a bond to the "sheriff or other officer levying a writ," what has already been said in reference to the other statutes also applies here. Section 8.01-372 allows a court to order a sale of property notwithstanding the giving of a forthcoming or suspending bond if the property is expensive to keep or perishable, qualities not applicable to money. Section 8.01-373 specifies what happens if the proceeds from selling the property exceed what is needed to satisfy the judgment. It has no bearing on the issue at hand. There are no other statutes in the subject article.

Based on the above, the court concludes that the "suspending bond as is hereinafter mentioned" in Va. Code § 8.01-365 refers only to a suspending bond given to a sheriff or other person executing process and only to prevent a sale of property. It is not a prerequisite to filing a proceeding in court claiming ownership of money subject to a garnishment. The relevant statutes do not

require a bond, and Rapid will not be prejudiced by Freedom's failure to give one.

The court is aware that its decision is at odds with the holding of *Virginia Broadcasting Corp. v. Harding*, 46 Va. Cir. 285 (Albemarle County 1998), which is apparently the only reported case on the subject. This court knows the author of that case personally and professionally and has the utmost respect for him and the court on which he sits. On this issue, however, this court must respectfully disagree.