# Wytheville

## LULA TALLEY MCKINSEY v. VERNON S. CULLINGSWORTH, INDIVIDUALLY, AND AS ADMINISTRATOR C. T. A. OF THE ESTATE OF ADDIE J. SMITH, DECEASED.

June 10, 1940.

Record No. 2233.

Present, All the Justices.

412

The opinion states the case.

*Robert Lewis Young,* for the appellant.

*P. A. L. Smith, Jr.,* and *R. Hugh Rudd,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

We are called upon to construe the provisions of a last will and testament. The will, a holographic writing, dated August 29, 1932, and probated October 6, 1932, is wholly contained in the following language:

"Vennor *im verry* sick if anything happen to me you look after me as you did Douglas I dont think I can get well Vennor I want you to have my home and every thing and you *and you* take care of Lula the best you can

"You*nr* Aunt Addie J. Smith."

The "Vennor" mentioned in the will is the defendant, Vernon S. Cullingsworth, and Lula is the plaintiff, Lula Talley McKinsey. They are brother and sister and, respectively, nephew and niece of the testatrix.

There being no executor named in the will, Cullingsworth was appointed and qualified as administrator c. t. a. of the estate on the day the will was probated.

Lula T. McKinsey, hereinafter referred to as the plaintiff, on January 19, 1938, more than five years after the entry of the probate order, filed her bill of complaint against the defendant, individually, and as administrator c. t. a., praying that the defendant should be declared a trustee for the benefit of the plaintiff of a portion of the estate of her aunt.

The defendant demurred to the bill upon the grounds that it was without equity and that the plain language of the will showed that the testatrix left all of her estate in fee simple to him and disclosed no intention to charge it with any trust in favor of the plaintiff.

Before the trial court ruled on the demurrer, the plaintiff filed an amended bill in which she set out that she was the favorite niece of the late Addie J. Smith and had been repeatedly told by Mrs. Smith that she was to be the recipient of all of her property. In support of that allegation, the bill averred the contents of a letter from the testatrix to the plaintiff, dated August 19, 1932. The estate of the testatrix consisted of a dwelling in the city of Richmond and money in the bank, the value and the amount thereof not being stated.

The defendant demurred to the amended bill, assigning the grounds of his first demurrer and the further ground that the additional matter alleged was immaterial, irrelevant and inadmissible. The trial court sustained both demurrers and dismissed the original and amended bills.

The principal question for our decision is whether, under the language of the will, the testatrix intended to devise to the defendant an absolute estate in all of her property or whether she intended the devise to be subject to a charge for the support and maintenance of the plaintiff.

■■ It seems unnecessary to repeat here the cardinal principles which govern the construction of wills. The intention of the testator must be derived from what he has actually said, and not from what it may be supposed he intended to say. If the words and language of the testator are clear, the will needs no interpretation. It speaks for itself. It is only when the words and provisions of a will

are ambiguous in expression that we must undertake to find the intention of the testator. *Hurt* v. *Hurt,* 121 Va. 413, 93 S. E. 672; *Widgeon* v. *Widgeon,* 147 Va. 1068, 133 S. E. 353; *Rinker* v. *Trout,* 171 Va. 327, 198 S. E. 913.

■■ The presumption is that a testator uses words in their ordinary meaning. They are then to be taken to mean what he says. This is not to be affected by the mere fact that, when so construed, they may seem to others to be unjust and unreasonable. The essential object of a will is to enable a person to dispose of his property as he may see fit. If that intention is clearly expressed in the will, we need go no further. We cannot make a will for him. We do not know what his secret motives are.

It is evident that the will under review was written by a person of limited education and with little or no knowledge of law. The language used, however, is plain and unambiguous. The testatrix said she was a sick woman. She did not expect to recover from her illness. She desired Cullingsworth to give her the same attention that she approved on his part toward a certain Douglas. As a reward or as an inducement for this, or from some secret motive, she then said, "I want you to have my home and every thing." She did not give any specific property or estate to her niece, Lula, the plaintiff. She simply said, "you take care of Lula the best you can."

Counsel for the plaintiff earnestly contends, in his able argument and brief, that the words "you take care of Lula the best you can," are precatory words used in an imperative sense, thus creating a trust upon the estate in favor of the plaintiff.

The books are replete with cases dealing with precatory trusts. There are many precedents involving the use of certain words indicating the desire or wish of a testator. The only help we can get from the precedents, however, is the application of their general principles to the facts of the particular case.

■ The tendency of modern decisions, in many jurisdictions, is to require more than the mere use of precatory

words to stamp a trust upon an estate given to another. This relaxation of the older English rule, which gave precatory words almost as much potency as words of unqualified command, is favored in Virginia. *Farmers Bank* v. *Kinser,* 169 Va. 69, 75, 192 S. E. 745.

"In determining whether the precatory words are used in the sense of command, the intent of the testator, as disclosed in the entire will by the application of the general rules of construction, govern. If the language used by the testator constitutes mere words of suggestion and advice it does not create a trust. If the words are intended as words of command although expressed in the form of suggestion and advice they create a trust." 1 Harrison's Wills and Administration, page 566, section 280.

See also, 69 C. J., Wills, page 716, section 1832 and Annotation on Precatory Trusts, 49 A. L. R. page 12.

Another requirement of a valid precatory trust is that the testator must point out with clearness and certainty the subject-matter of the intended trust. If the subject-matter of the supposed trust is so uncertain as to be incapable of enforcement by a court of equity, no trust will be created.

With the foregoing principles in mind, we will consider the clause, "you take care of Lula the best you can." The subject-matter out of which the care is to be provided for Lula is uncertain. The language of the will does not provide that Lula shall be cared for out of the proceeds of the testatrix's property. The care provided for is not only discretionary on the part of the defendant, but is contingent upon his ability to help her, and subject to his own needs. It is a suggestion of the interest of the testatrix in Lula, which goes so far, and only so far, as to suggest to Cullingsworth the extent of the help to be given to Lula, an extent limited and restricted by his own circumstances. It suggests a course of conduct, but imposes no legal obligation on him to provide for her out of the property devised. The testatrix doubtless wanted the defendant to give some

care to Lula, but she did not go to the extent of charging her estate with that responsibility. The words used constitute a personal charge rather than a property charge. No other conclusion can be reached unless we add to the will words not therein contained.

■ "It is a settled rule of construction, both in deeds and wills, that if an estate is conveyed, or an interest given, or a benefit bestowed in one part of the instrument, by clear, unambiguous and explicit words, such estate, interest, or benefit is not diminished nor destroyed by words in another part of the instrument, unless the terms which diminish or destroy the estate before given be as clear and decisive as the terms by which it was created." *Gaskins* v. *Hunton*, 92 Va. 528, 23 S. E. 885 and cases cited; *Wallace* v. *Wallace*, 168 Va. 216, 190 S. E. 293; *Farmers Bank* v. *Kinser, supra.*

A careful examination of the cases relied upon by the plaintiff shows that they are not controlling here.

In the case of *Seefried* v. *Clarke*, 113 Va. 365, 74 S. E. 204, the objects of the bounty of a testator were definite and certain, and his direction that his estate be divided among his children was imperative.

In *Colton* v. *Colton*, 127 U. S. 300, 8 S. Ct. 1164, 32 L. Ed. 138, the court held that unless the recommendation to take care of and protect the mother and sister of the testator had been accompanied by the additional words "and request her to make such gifts and provision for them as in her judgment will be best," there would not have been created a trust capable of enforcement. It declared that some words beyond those merely commending the persons indicated to the care and protection of the devisee are essential to create a trust.

■ The plaintiff further contends that the trial court erred in sustaining the demurrer to the amended bill, without taking evidence of the testatrix's intention and of the facts and circumstances surrounding the execution of the will. There is no merit in this contention.

 The allegations of the amended bill to the effect that the testatrix had expressed an intention to leave all of her property to the plaintiff only contradicted the plain terms of the will. Declarations of intention cannot aid the court in interpreting the language of the will where there is no equivocation of parties or subject-matter. *Coffman's Adm'r* v. *Coffman*, 131 Va. 456, 109 S. E. 454; *Claiborne* v. *Wilson*, 168 Va. 469, 192 S. E. 585. In the absence of any ambiguity in the will there was no need for the introduction of extrinsic evidence. *Coffman's Adm'r* v. *Coffman, supra;* *Widgeon* v. *Widgeon, supra;* 14 Va. Law Reg. 913.

While the allegations of the bill show that the testatrix had, on August 19, 1932, only ten days before the making of the will, expressed an intention to leave her property to the plaintiff, thus creating some speculation as to why she changed her mind, there is no charge of fraud nor any attack made upon the validity of the probated will. What we have heretofore said as to the right of the testatrix to make such disposition of her property as she might choose fully applies to her right to change her mind.

 It gives us no help to speculate as to what the testatrix had in mind. It might have been that she wanted the defendant to have the property clear, so that he could make such use of it as he deemed to be to his advantage. It might have been that she thought it unnecessary to charge the estate with a trust to require a dutiful brother to take care of the needs of his sister, or that she simply sought to advise one relative to assist another. She might have thought that her expressed interest in Lula would require that the brother use some of the devised estate for the care of his sister. She could have devised all of the property to Lula. She could have left it subject to a charge for the care of Lula; but since she undertook to express her wishes in the words she used, and those words constitute a clear statement, we can add no other words to it. The words used give all of the property to the nephew, and they do not make a charge against the property in favor of the niece.

We conclude that the will in this case gave to the defendant the entire property of the testatrix, a fee simple and absolute estate, not diminished or destroyed by other words in the will. We find no error in the decree appealed from.

*Affirmed.*