## CIRCUIT COURT OF THE CITY OF RICHMOND

In re Estate of
Kenneth Dean Levi,
deceased

January 14, 2003

Case No. (Probate) 02-26

BY JUDGE RANDALL G. JOHNSON

This matter is before the court on exceptions to the report of the commissioner of accounts. At issue are (1) whether a corporation whose existence had been terminated for failure to maintain a registered agent or registered office, but which was later reinstated, is entitled to receive a bequest under a will when the testator's death occurred after termination but prior to reinstatement; and (2) if so, whether such corporation's entitlement is effected by an expressed intent to cease operations and by an actual change in operations.

Kenneth Dean Levi executed his will on May 29, 1997. He executed a codicil on July 17, 1998. Article III.E of the will bequeathed 30% of the residue of Levi's estate to "Richmond Aids Ministries, of Richmond, Virginia," which the parties agree refers to Richmond Aids Ministry, a Virginia nonstock corporation. Levi died on December 19, 2001. At the time of his death, Richmond Aids Ministry had been terminated by the State Corporation Commission pursuant to Va. Code § 13.1-915 for failure to maintain a registered agent or registered office in the Commonwealth as required by law. The termination occurred on March 30, 1999. The corporation was reinstated on September 18, 2002. The reinstatement took place pursuant to Va. Code § 13.1-916, which provides, in pertinent part:

A corporation that has ceased to exist may apply to the [State Corporation] Commission for reinstatement within five years thereafter unless the corporate existence was terminated by order of the Commission upon a finding that the corporation has continued to exceed or abuse the authority conferred upon it by law. . . . Upon the entry by the Commission of an order of reinstatement, the corporate existence shall be deemed to have continued from the date of the termination of corporate existence. . . .

The commissioner of accounts held that, since § 13.1-916 provides that a reinstated corporation's existence "shall be deemed to have continued from the date of the termination of corporate existence," Richmond Aids Ministry's existence must be deemed to have continued from the date of the termination of its corporate existence, meaning that it must be deemed to have existed on the date of Levi's death. The commissioner reported his holding to the court. The executor filed his exceptions within the time allowed by law. *See* Va. Code § 26-33. A hearing on the exceptions, including the testimony of witnesses, was held in this court on January 7.

The executor first argues that the commissioner's holding is wrong because a will must be interpreted as though written just before the testator's death. Indeed, Va. Code § 64.1-62 specifically provides that "[a] will shall be construed, with reference to the real and personal estate comprised in it, to speak and take effect as if it had been executed immediately before the death of the testator, unless a contrary intention appear by the will." The executor argues that since no corporation named Richmond Aids Ministry actually existed on the day Levi died, the bequest fails and must be divided among the remaining residuary beneficiaries.

Richmond Aids Ministry takes the opposite view. According to it, whatever the situation might have been on the day of Levi's death, it was cured by the plain language of § 13.1-916. The court agrees with Richmond Aids Ministry.

If statutory language "is clear and unambiguous, there is no need for construction by the court: the plain meaning and intent of the enactment will be given it." *Brown v. Lukhard*, 229 Va. 316, 321, 330 S.E.2d 84 (1985). "When an enactment is clear and unequivocal, general rules of construction of statutes of doubtful meaning do not apply." *Id. See also Moore v. Gillis*, 239 Va. 239, 241, 389 S.E.2d 453 (1990). Here, the executor argues that the language of § 13.1-916 is made ambiguous by the language of § 64.1-62. The court disagrees. There is no ambiguity in, or conflict between, the two statutes.

Section 64.1-62 mandates that a will be construed as if written immediately before the testator's death. Section 13.1-916 mandates that a reinstated corporation be deemed to have existed continuously from the date of its termination. There is no ambiguity or conflict. By enacting § 13.1-916, the General Assembly has decided that regardless of other considerations or facts, when a corporation fulfills the requirements for reinstatement, its corporate existence is to be deemed never to have ceased. No exception is made with regard to decedents' estates or anything else. It does not conflict with § 64.1-62. It simply means, in this case, that Richmond Aids Ministry is deemed to have existed "immediately before the testator's death."

In support of his argument, the executor cites *Harrison on Wills*, 3d ed., § 255, which says that a will speaks as of the date of death. He also cites § 404 of the same treatise for the proposition that the dissolution of a corporation has the same effect as the death of a natural person. Neither proposition changes the court's holding. The first proposition is the same as Va. Code § 64.1-62. It does not negate § 13.1-916. The second proposition has been limited by § 13.1-916, a limitation within the legislature's power to impose. Thus, while natural persons cannot be resurrected, corporations can be. Section 13.1-916 prescribes what happens when a corporation is resurrected: its corporate existence is deemed to have continued from the date of its termination. As was said in *In re Wine Farms, Inc.*, 94 Bankr. 410 (Bankr. W.D. Va. 1988), a case dealing with Va. Code § 13.1-754, the identical provision for stock corporations:

> [I]t is clear that the Virginia legislature intended that once a corporation achieves reinstatement, its corporate status relates back to the date of its termination and it is as if the corporation had never been terminated.

94 Bankr. at 413.

The executor argues that § 13.1-916 cannot have the meaning that the commissioner and now this court say it has because such a holding would require an executor to wait five years from the date of a corporation's termination — the time during which a corporation can apply for reinstatement under the statute — before distributing an estate under a will that makes a bequest to a terminated corporation. The short answer to the executor's argument is that the situation contemplated by his argument is not present here and this court cannot give an advisory opinion that might apply in other cases. The court notes, however, that executors and administrators often file suits for aid and guidance in those instances where a quirk in the law or

unusual facts make such action prudent. The court knows of no reason why such action could not be taken in the circumstances envisioned by this executor. In this case, however, there is no need to wait five years or to seek the court's aid and guidance. Richmond Aids Ministry has already been reinstated, and the executor still has possession of the bequest at issue. The court holds that § 13.1-916 applies to the facts of this case and that Richmond Aids Ministry is deemed to have existed on the date Levi died.

The executor's second argument is that, even if § 13.1-916 applies, Richmond Aids Ministry is not entitled to the bequest at issue because it had made a conscious decision to wind down its affairs and end its corporate existence before the testator's death. According to the executor, those plans were put on hold only to obtain the bequest at issue. In fact, in a Memorandum of Agreement dated June 25, 1998, Richmond Aids Ministry and the Fan Free Clinic agreed, in essence, that Richmond Aids Ministry's funding and operations would be transferred to the Fan Free Clinic and that Richmond Aids Ministry would "begin winding down its affairs and will close its corporate books and file all appropriate reports, including tax returns, to government and private entities on or before December 31, 1998." Its corporate existence was terminated on March 30, 1999. It was only after Richmond Aids Ministry learned of Levi's bequest, says the executor, that it applied for reinstatement. Even now, according to the executor, Richmond Aids Ministry does not function as it did when the will was executed. None of that makes any difference:

> The judicial function in construing a will is to determine what the testator meant by what he said, not what it might be supposed he intended to say or should have said. If the meaning of the words is plain there is no room for construction. The property being the testator's, his will is the law of the court unless it be against the law of the land.

*Chavis v. Myrick*, 190 Va. 875, 878, 58 S.E.2d 881 (1950). *See also Rule v. First Nat. Bank*, 182 Va. 227, 230-31, 28 S.E.2d 709 (1944); *McKinsey v. Cullingsworth*, 175 Va. 411, 414-15, 9 S.E.2d 315 (1940); *McCready v. Lyon*, 167 Va. 103, 108-09, 187 S.E. 442 (1936).

As is true with statutes, where a will is clear and unambiguous, no interpretation or construction is necessary or appropriate. *Id.* Moreover, extrinsic evidence will not be considered to create an ambiguity where none otherwise exists. *Hoffman v. First Virginia Bank*, 220 Va. 834, 841, 263 S.E.2d 402 (1980); *Gasque v. Sitterding*, 208 Va. 206, 211, 156 S.E.2d 576

(1967). The will in this case is clear and unambiguous. It gives 30% of the residuary estate to Richmond Aids Ministry. The bequest is not contingent upon Richmond Aids Ministry's never having contemplated dissolution, or not ever allowing its existence to be terminated, or that it perform any of the functions it did when Levi executed his will, or anything else. If Levi had wanted to impose conditions on the bequest, he could have done so. He chose not to. His bequest must be enforced as written.

For all of the foregoing reasons, the commissioner's report will be confirmed.