442 B.R. 481 (2010)
In re Claude M. DELFOSSE, and Genevieve J. DelFosse, Debtor.
Branch Bank & Trust Company, Plaintiff
v.
Claude M. DelFosse, and Genevieve J. DelFosse, Defendant.
Bankruptcy No. 10-60888. Adversary No. 10-06063.
United States Bankruptcy Court, W.D. Virginia, Lynchburg Division.
December 9, 2010.
*482 Stephen E. Scarce, Parker, Pollard, Wilton & Peaden, P.C., Richmond, VA, for Plaintiff.
C. Connor Crook, Boyle, Bain, Reback & Slayton, Marshall Moore Slayton, Esq., Charlottesville, VA, for Defendant.

ORDER
ROSS W. KRUMM, Bankruptcy Judge.
The matter before the Court for decision involves the complaint by Branch Banking & Trust Company (hereafter "BB & T") and the Debtors' answer to the complaint. Although there are numerous issues contained in the complaint and answer, this Order seeks to decide the narrow question of whether a certain parcel of real property consisting of approximately 318.35 acres in Nelson County, Virginia, assigned a Tax Map Parcel # 24-A-25 (hereafter the "Property") is property of the estate under *483 11 U.S.C. § 541(a)(1). Both parties have submitted their briefs and memoranda of law in support of their positions and the matter is now ripe for decision. Accordingly, the Court makes the following facts and conclusions of law.

Facts
On June 6, 2001, the Debtors executed a Trust Agreement which established the Claude M. DelFosse Living Trust (hereafter the "Trust Agreement"). The Debtors are the co-trustees of the Claude M. DelFosse Living Trust (hereafter the "Trust"). Pursuant to Article Two, Section 3, Claude DelFosse is the primary beneficiary of the Trust. Pursuant to Article Two, Section 3, Genevieve DelFosse and the dependent children of Debtor Claude DelFosse are the first residuary beneficiaries of the Trust.
The Debtors, acting as trustees for the Trust, acquired fee simple legal title to the Property pursuant to a deed dated April 11, 2002, and recorded in the land records of the Circuit Court of Nelson County, Virginia on April 15, 2002 as Instrument # XXXXXXXXX from Blue Ridge Lumber, a Virginia general partnership (hereafter the "Trust Deed-In").

Discussion

Jurisdiction
This is a core proceeding over which this Court has jurisdiction pursuant to 28 U.S.C. § 157(b). This action is further properly brought before the Court as an adversary proceeding pursuant to Rule 7001(2) of the Federal Rules of Bankruptcy Procedure as a complaint to determine the validity of a lien and/or other interests in property.

Virginia Law Governs This Dispute
Tidewater Fin. Co. v. Moffett (In re Moffett), 356 F.3d 518, 521 (4th Cir.2004) (citing Butner v. United States, 440 U.S. 48, 54-55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) (superseded by statute on other grounds)) holds that "while federal law defines in broad fashion what property interests are included within the bankruptcy estate, state law determines the nature and existence of a debtor's rights." Accordingly, the Court will apply Virginia law to the question of whether the Trust is a Virginia land trust or a revocable living trust.

Construction of Trust Agreements
In order to determine whether the Trust is a Virginia land trust, as BB & T asserts, or a revocable living trust, as the Debtors assert, the Court must first look to the language of the Trust. Harbour v. SunTrust Bank, 278 Va. 514, 519-20, 685 S.E.2d 838, 841 (2009) holds
In considering the language of a trust agreement, the intent of the grantor controls. Huaman v. Aquino, 272 Va. 170, 174, 630 S.E.2d 293, 296 (2006); Clark v. Strother, 238 Va. 533, 539-40, 385 S.E.2d 578, 581 (1989). We initially ascertain the grantor's intent by reviewing the language that the grantor used in the trust instrument. Huaman, 272 Va. at 174, 630 S.E.2d at 296; McKinsey v. Cullingsworth, 175 Va. 411, 414-15, 9 S.E.2d 315, 316 (1940). If that language is clear and unambiguous, we will not resort to rules of construction, and we will not consider the grantor's apparent reasoning or motivation in choosing the particular language employed. See Schmidt v. Wachovia Bank, 271 Va. 20, 24, 624 S.E.2d 34, 37 (2006); Frazer v. Millington, 252 Va. 195, 199, 475 S.E.2d 811, 814 (1996); Boyd v. Fanelli, 199 Va. 357, 361, 99 S.E.2d 619, 622 (1957); McKinsey, 175 Va. at 414-15, 9 S.E.2d at 316. Instead, in such instances, we will apply the plain meaning of the words that the grantor used. Landmark Communications, Inc. v. Sovran Bank, 239 Va. 158, 163-64, 387 S.E.2d *484 484, 487 (1990); McKinsey, 175 Va. at 414-15, 9 S.E.2d at 316.
In light of Harbour's guidance the Court will now apply the language of the Trust Agreement to the assertions of the parties.

The Trust Deed-In Does Not Amend the Trust
BB & T asserts that the Trust Deed-In "expressly amended the terms of the Trust Agreement." Complaint, Pg. 4, In re DelFosse, No. 10-06063-LYN (Bankr.W.D.Va. Aug. 26, 2010). In support of this assertion BB & T argues that because the Trust Deed-In provided that (1) legal title to the Property vested in the trustees of the Trust; (2) the beneficiary of the Trust retained full power of management and control over the Property; and (3) the interests held by the beneficiaries of the Trust are in the nature of personalty, the Trust Deed-In amended the Trust from a revocable living trust to a Virginia land trust.
Article Two, Section 1(d) of the Trust Agreement provides that with regard to amending or revoking the Trust
[The settlor] shall have the absolute right to amend or revoke my trust, in whole or in part, at any time. Any amendment or revocation must be delivered to my Trustee in writing. This right to amend or revoke my trust is personal to me, and may not exercised by any legal representative or agent acting on my behalf.
Plaintiff's Exhibit B, In re DelFosse, No. 10-06063-LYN (Bankr. W.D. Va. Aug. 26, 2010). The Court finds this provision to be clear and unambiguous and thus, will apply the plain meaning of its words. In order to amend or revoke the Trust, Claude DelFosse, acting in his capacity as settlor, would have to deliver a writing to the Trustee that expressed his desire to revoke or amend the Trust. In this case, the Trust Deed-In cannot constitute an amendment or revocation of the Trust because the Trust Deed-In was executed by DelFosse, Trustee, not Claude DelFosse in his capacity as settlor. Thus, the Trust Deed-In cannot be an amendment or revocation under the provisions of the Trust Agreement because Mr. DelFosse, as settlor, did not execute the Trust Deed-In.
This distinction in capacity is important because the provision governing amendment and revocation clearly indicates a desire on the part of the settlor to be in control of his Trust and not to relinquish this control, even to "any legal representative or agent acting on my behalf." Therefore, the Court finds that the Trust Deed-In does not constitute a amendment or revocation of the Trust because it was not executed by the settlor of the Trust and thus, fails to comport with the requirements for amending or revoking the Trust as found in the clear and unambiguous language of the Trust agreement. See Austin v. City of Alexandria, 265 Va. 89, 574 S.E.2d 289 (2003) (Rescinding a transfer of trust property made by the trustee/sole beneficiary of a trust because the transfer did not comply with provisions of the trust that governed transfers of property.)

Structure of the Trust Does Not Create a Virginia Land Trust
BB & T also asserts that the way in which the Property is held creates a Virginia land trust. Specifically, BB & T reasserts that because (1) legal title to the Property vested in the trustees of the Trust; (2) the beneficiary of the Trust retained full power of management and control over the Property; and (3) the interests held by the beneficiaries of the Trust are in the nature of personalty, the Trust is a Virginia land trust. However, in Austin, James M. Duncan executed an unrecorded declaration of trust which established the James M. Duncan, III, Living Trust. Under the trust agreement *485 Mr. Duncan was both the trustee and the income beneficiary. Additionally, Mr. Duncan, as grantor, executed a "DEED IN TRUST" in which he conveyed certain parcels of property to himself as trustee of the living trust. Although the court decided the case on the issue of whether a transfer of the certain parcels of property subject to the DEED IN TRUST was avoidable, the court did not take issue with the structure of the living trust even though it contained a structure nearly identical to that found in the case at bar.
In both Austin and this case, the holder of the title of the real property at issue is the trust and the trustee is also the income beneficiary of the trust. The Court can find no reason why the Trust in this case is different from the trust in Austin such that it would result in the Court finding that the Trust in this case is something other than a living trust when the court in Austin, confronted with the same factual circumstance, did not do so.[1]

Property is Properly Included in the Debtors' Estate
Since the Trust constitutes a revocable living trust, the Court finds that the revocable living trust constitutes property of the estate under 11 U.S.C. § 541. In re Arnold, 369 B.R. 266 (Bankr.W.D.Va. 2007). Accordingly, the Court finds that because the Trust is property of the estate the Property held by the Trust is also property of the estate under § 541. Accordingly, it is

ORDERED
That a certain parcel of real property consisting of approximately 318.35 acres in Nelson County, Virginia, assigned a Tax Map Parcel # 24-A-25 constitutes property of the Debtors' estate pursuant to 11 U.S.C. § 541(a)(1).
Copies of this Order are directed to be sent to counsel for the Debtors, C. Connor Crook, Esquire, and counsel for Branch Banking & Trust Company, Stephen E. Scarce, Esquire.
NOTES
[1] BB & T asserts that Peyton v. First Citizens Corp. (In re Veatch), 232 B.R. 346 (Bankr. E.D.Va.1999) provides precedent for finding that where "the trustee receives both legal and equitable interest of the property transferred... and ... the beneficiary receives no interest in the real property" a land trust is created. However, this is not an accurate reading of the case. In Peyton the court found that a Virginia land trust does not constitute property of the estate. However, in making its finding the court had apparently previously determined that the trust at issue was a Virginia land trust. The methodology the court used in making this determination was not recorded in the opinion and thus, this Court will not speculate as to the basis for the Peyton court's finding. Thus, Peyton is inapplicable to this case because the issue before the Court is whether the Trust is a revocable living trust or a Virginia land trust. Since the Court has found that the Trust is a revocable living trust, Peyton is found to be inapposite.