PRESENT:  All the Justices

OREZE HEALTHCARE LLC

                                                    OPINION BY
v.  Record No. 220072                    JUSTICE TERESA M. CHAFIN
                                                    MAY 4, 2023
EASTERN SHORE COMMUNITY
SERVICES BOARD


FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
Brenda C. Spry, Judge

Oreze Healthcare LLC ("Oreze") appeals the circuit court's order entering summary

judgment in favor of Eastern Shore Community Services Board ("ESCSB").  The circuit court

held that Oreze's conveyance of real property to a third party prohibited Oreze from pursuing its

breach of contract claim against ESCSB.  For the following reasons, we reverse the circuit

court's judgment and remand this case for further proceedings.

## I.  BACKGROUND

In 2016, Oreze operated an assisted living facility comprised of four buildings (A, B, C,

and D) that housed adults with behavioral health issues.  In November 2016, the Virginia Board

of Long-Term Care Administrators suspended the license of Oreze's administrator.  If the facility

ceased operations, the residents risked eviction.  To avoid this outcome, ESCSB, a political

subdivision of the Virginia Department of Behavioral Health and Developmental Services,

agreed to lease the facility from Oreze and to provide interim care until a permanent solution was

reached.

Oreze and ESCSB entered into a commercial lease agreement (the "lease") effective as of

May 1, 2017.  According to the terms of the lease, ESCSB agreed to maintain the four buildings

"in a clean, safe and tenantable condition," and further, to "suffer no waste or injury to any part

of the [b]uildings."  Oreze agreed to "keep in good order and repair the mechanical, electrical,

gas, HVAC and plumbing systems, pipes and conduits that are part of the [b]uildings and, promptly after becoming aware of any item needing repair, . . . make repairs thereto." The initial duration of the lease was for three months beginning May 1, 2017, after which time the lease term would automatically renew every three months until ESCSB provided notice of termination.

Throughout the lease period, Buildings A, B, and D were unoccupied. In late December 2017, the sprinkler systems in Buildings A and B froze and burst, allowing water to flood the buildings. Soon after, in February 2018, Building D also flooded with water after a water filter behind a sink froze and burst. The damage to the buildings had not been remedied as of July 31, 2018, the date ESCSB terminated the lease.

On April 27, 2020, Oreze filed an amended complaint against ESCSB for breach of contract. Oreze alleged that ESCSB breached the lease through several specific actions or failures to act in regard to the flooded buildings, and that Oreze suffered damages as a result. While Oreze's breach of contract suit against ESCSB was pending, Oreze conveyed the property at issue to a third party by general warranty deed ("the deed") in June of 2021. The deed stated that Oreze "does hereby give, grant, bargain, sell and convey as fee simple absolute, with GENERAL WARRANTY AND ENGLISH COVENANTS OF TITLE" the property "TOGETHER WITH all the rights, buildings, privileges and appurtenances thereunto belonging or in anywise appertaining."

ESCSB moved for summary judgment in the contract action, arguing that Oreze could no longer pursue its property damage claims because the deed had conveyed the claims to the third party. In support of its argument, ESCSB cited to Code §§ 55.1-301 and 55.1-303, which state respectively that a "deed conveying land" encompasses "all the estate, right, title, and interest,

2

both at law and in equity, of the grantor in or to such land" and "all buildings, privileges, and appurtenances of every kind belonging to such land" unless otherwise specified. ESCSB also cited to *Goodson v. Capehart*, 232 Va. 232, 237 (1986), in which this Court held that "the language in a deed will be construed to pass to the grantee the greatest estate which the language employed is capable of conveying." ESCSB lastly cited to *City of Lynchburg v. Mitchell*, 114 Va. 229 (1912), where this Court held that a grantor's pre-existing claims against a third party were transferred to the grantee.

Oreze opposed the motion, arguing that the holding in *Mitchell* did not stand for the proposition that a real property deed necessarily conveys to the buyer causes of action related to contracts or property damage. Oreze contended that *Mitchell* is distinguishable in that the grantor in that case did not file suit before conveyance and because the damage was continuing in that case. The grantor in *Mitchell* also went beyond simply conveying the property and separately assigned its claims to the purchaser. Oreze further argued that *Goodson* is distinguishable because it involved an internal conflict between two provisions contained in a deed. At the hearing on the motion, Oreze contended that the terms "right" and "privilege" in Code §§ 55.1-301 and 55.1-303 only encompass a grantor's rights to the real property itself, not claims for prior damage.

The circuit court granted summary judgment from the bench, holding that Oreze failed to reserve its claims in the deed. Oreze filed a motion to reconsider, in which it argued for the first time that the lease was not merged into or extinguished by the deed, thus allowing Oreze to maintain its property damage claims. After hearing further oral argument, the circuit court entered an order granting ESCSB summary judgment and holding "per the Deed . . . [Oreze]

3

conveyed all of its rights in connection with the property, including its rights to maintain the current claims, during such sale."

Oreze appealed to this Court.

## II. ANALYSIS

Challenging the entry of summary judgment, Oreze argues that the circuit court erred in determining that Oreze lacked the right to pursue its contract action because it failed to reserve the claim in the deed conveying the property at issue to the third party. For the reasons that follow, we reverse the circuit court's decision granting summary judgment and remand for further proceedings consistent with this opinion.

"[S]ummary judgment shall not be entered unless no material fact is genuinely in dispute on a controlling issue or issues and the moving party is entitled to such judgment as a matter of law." *La Bella Dona Skin Care, Inc. v. Belle Femme Enters., LLC*, 294 Va. 243, 253 (2017) (quoting *Mount Aldie, LLC v. Land Trust of Va., Inc.*, 293 Va. 190, 196 (2017)). Therefore, when an appeal, such as the one before us, arises from a "decision awarding summary judgment, the trial court's determination that no genuinely disputed material facts exist and its application of law to the facts present issues of law subject to de novo review." *Id.* (quoting *Mount Aldie*, 293 Va. at 196-97)).

Though Oreze contends that the circuit court wrongly disregarded Virginia's merger doctrine in finding that Oreze failed to reserve its breach of contract claim, this argument is misplaced for several reasons. The merger doctrine—"long-recognized by this Court"—"'deals with extinguishing a previous contract by an instrument of higher dignity,' the deed." *Abi-Najm v. Concord Condo., LLC*, 280 Va. 350, 357 (2010) (quoting *Empire Mgmt. & Dev. Co. v. Greenville Assocs.*, 255 Va. 49, 52 (1998)); *see also Devine v. Buki*, 289 Va. 162, 173-74 (2015).

4

"The deed is the final expression of the agreements between the parties as to every subject which it undertakes to deal with, and any conflicts between the terms of prior agreements and the terms of the deed are resolved by the deed." *Abi-Najm*, 280 Va. at 357 (quoting *Beck v. Smith*, 260 Va. 452, 456 (2000)).

The merger doctrine simply does not apply here. It is concerned with agreements pertaining to a conveyance between a grantor and grantee, of which ESCSB is neither. Furthermore, the lease was not a collateral agreement "made in connection with the sale." *See id.* at 359. Even more pertinently, however, a deed could not extinguish an agreement that had already been terminated. The lease between Oreze and ESCSB was terminated in 2018, and the deed was not executed until 2021. A contract no longer existed for the deed to extinguish.

In this case, the issue is not whether the lease merged with the deed. Instead, the issue is whether the deed extinguished or transferred Oreze's right to sue ESCSB for property damage arising from an alleged breach of the lease. We conclude that it did not do so.

The breach of contract claim alleged by Oreze arose from the contractual landlord-tenant relationship between Oreze and ESCSB under the lease. At early common law, if a landlord sold property before the expiration of a lease, the landlord could not transfer to the buyer the right to enforce the tenant's covenant to pay rent because the buyer was considered a "stranger" to the lease. 3 Andrew R. Berman, Friedman on Leases § 36:1, at 36-2 (6th ed. 2017). This changed during the reign of Henry VIII with the adoption of a statute allowing lease covenants—and the ability to enforce or recover upon them—to transfer to the successors of landlords and tenants if certain conditions were satisfied. *Id.* (citing 32 Henry VIII ch. 34 (1541)).

The sweeping rights granted by the statute, however, did not apply to a "covenant that was *broken before a transfer* made by the party who was wronged by [such] breach." *Id.* at

5

§ 36:1, at 36-4 (emphasis added). In general, a "successor to the interest of a landlord or tenant is not liable for breaches by his predecessor and may not sue for breaches by the other party preceding the transfer or assignment." *Id.* (quoting *Plaza Inv. Co. v. Abel*, 153 N.W.2d 379, 382 (Mich. Ct. App. 1967)). Thus, the right to recover upon a broken covenant does not follow the land; rather "[i]t remains a chose in action." *Id.*

A chose in action is "intangible personal property." *Jones v. Phillips*, 299 Va. 285, 309 (2020) (quoting *Huaman v. Aquino*, 272 Va. 170, 175 (2006)). In Virginia, "[a]ny right which has not been reduced to possession is a chose in action," *id.* (quoting *First Nat'l Bank of Richmond v. Holland*, 99 Va. 495, 503 (1901)), a "classic example" of which is a "contractual right," *id.* (citing 17 Samuel Williston & Richard A. Lord, A Treatise on the Law of Contracts § 49:119, at 106-07 (4th ed. 2015)). Such a right is "'owned' by the possessor of the right to recover." *Huaman*, 272 Va. at 175. As personal property owned by the possessor, that right can be assigned. *See e.g.*, *Mitchell*, 114 Va. at 232.

In this case, as a result of the lease between Oreze and ESCSB, Oreze possessed the right to recover damages arising from a breach by ESCSB. Oreze's breach of contract claim against ESCSB was therefore a chose in action "owned" by Oreze that did not transfer to the third party as successor in interest simply by execution of the deed. While Oreze could have assigned its right to the breach of contract claim to the third party, the deed conveying the property was silent as to that claim. Absent provisions effecting an assignment, the deed could neither extinguish Oreze's right to pursue the claim nor transfer the claim to the third party.

ESCSB does not find support in its cited authority. As in the circuit court, ESCSB argues that Code §§ 55.1-301 and 55.1-303 favor summary judgment because the statutes provide that rights and privileges related to the land are conveyed unless excepted or provided for in the deed.

6

The present claim was not a right appurtenant or belonging to the land but was a chose in action that belonged to Oreze. Reliance on Code §§ 55.1-301 and 55.1-303 is misplaced because these statutes govern rights attached to the land. For the same reason, the rationale in *Goodson* that a deed passes the "greatest estate which the language employed is capable of conveying" is inapposite to a right that is not part of the estate. *Goodson*, 232 Va. at 237.

We also find that the present case is readily distinguishable from *Mitchell*, in which there was an additional assignment of all claims for damages to the property. In *Mitchell*, the City diverted water from land upon which stood a water mill. *Mitchell*, 114 Va. at 230. After the diversion, the owners sold the property to the plaintiffs for less than half of the property's pre-diversion value, and separately "assigned to [plaintiffs] all their rights to and claim for the damages resulting from the diversion." *Id.* at 231. "The plaintiffs were thus clothed as grantees *and* assignees with all the rights which belonged to the owners of the property at the time of the diversion, *and* had the right to recover damages resulting from the diversion." *Id.* (emphasis added). The City argued that the plaintiffs were not entitled to judgment for the reduction in value because they did not own the property at the time of the diversion. This Court held that the plaintiffs "did not, as grantees of the real estate, become entitled to the damages," but "they did acquire by assignment all their grantor's claim to the damages, and were therefore, as assignees of their vendor's rights, clearly entitled under our decisions to recover the same." *Id.* at 232. In other words, the previous owners not only conveyed the property, but additionally assigned the rights to any claim against the City for damages. The same cannot be said here, where Oreze conveyed the property by general warranty deed with no assignment to the third party of claims that Oreze possessed against ESCSB.

As a chose in action that belonged to Oreze that did not run with the land, the breach of contract claim did not transfer with the property upon execution of the deed, and it was unnecessary for Oreze to expressly reserve the claim. The deed contains no indication that Oreze assigned any existing claims to the third party. Therefore, Oreze retained the right to pursue its breach of contract claim against ESCSB. Consequently, ESCSB was not entitled to summary judgment as a matter of law.[*]

### III. CONCLUSION

For the reasons stated, we reverse the judgment of the circuit court and remand this case for further proceedings.

*Reversed and remanded.*

---

[*] Because this case is before us on summary judgment, we express no opinion on the merits of the underlying claim. Additionally, Oreze requests an award of attorney's fees and costs associated with the circuit court proceedings on the motion for summary judgment and the present appeal, pursuant to the terms of the lease. As we are remanding this case to the circuit court for further proceedings, we will not address Oreze's request for attorney's fees at this time.